## Peifer *against* Landis.

Part performance of a parol contract for the sale of land is essential to its validity.

THIS was an action of ejectment in the circuit court of *Dauphin* county, tried by Justice *Rogers*, in which *John Peifer* and *Sarah* his wife were plaintiffs, and *Christian Landis* and others were defendants.

The plaintiffs claimed the land by virtue of a parol contract, entered into between *George Bower*, and *Sarah Bower* the wife of the plaintiff. The plaintiffs to maintain the issue on their part, offered to prove, that *George Bower*, with whom the contract was made, lived in Derry township, Dauphin county, and in the fall of 1825 or spring of 1826, requested the brother of *Sarah Bower*, one of the plaintiffs, to send said *Sarah Bower*, who lived in Franklin county, to his house to live with him and take care of him in his old days. That the said *Sarah* refused to go, but insisted upon going with her father's family to Ohio ; but was prevailed upon finally, by a brother, to go and live with *George Bower*, who was her uncle. That she came to live with *George Bower*, on a piece of land adjoining the land in dispute, in the fall of 1826. That after she came to his house, *George Bower* purchased the land in dispute, and came into his house with the deed for this land ; said he had bought this farm, and upon being asked by *Sarah*, why he bought it, when he had so many farms, he said, " I bought it for you, if you will stay with me as long as I live." That *George Bower* told the tenants on the land and many other persons, that he intended to give that tract of land to *Sally Bower*, if she lived with him and took care of him as long as he lived ; and after his death she might do with it whatever she pleased. That afterwards the said *Sarah Bower* was going to leave *George Bower*, and wanted to go home, and he told her he did not want her to go away, and that if she would stay with him as long as he lived, he would give her this farm, the one in dispute ; and that, in consequence of said promise of *George Bower*, she remained with him, nursed him, worked for him, and served him faithfully until the day of his death. That if the said *George* had not made the parol promise, she would have left him at the time at which she threatened to leave him. That she then, in consideration of the promise, remained with the said *George Bower*, and did all his work and took care of him, in pursuance of her part of the contract, until the day of his death. That the said *George* made no will, nor did he comply in any manner with his part of the contract. That both plaintiffs and defendants in this suit claim under the said *George*

[*Peifer v. Landis.*]

*Bower,* who was seised in fee, and possessed of said tract of land at the time of his death. That the said *George Bower* died possessed of a very large real and personal estate, and left at the time of his death but one child ; and that the said *George* often told the said *Sarah* and his neighbours, that he would do as much for her as for his own child.

This evidence was objected to by the defendants and rejected by the court ; when the plaintiffs took a nonsuit, which they afterwards moved to take off, and which was refused, and they appealed.

*Alricks* and *Weidman,* for appellants.

PER CURIAM.—There is no pretence of parol performance here, because there is no pretence of delivery of possession in pursuance of the contract ; which is essential. The evidence, therefore, was properly rejected.

Judgment affirmed.

# Fricker's Appeal.

Land purchased by a sheriff, after he enters into his official recognizance, is not bound by that recognizance, but if judgment is obtained upon it, after he acquires such land, the land is bound by the judgment.

The lien of a judgment opened to let the defendant into a defence, " the judgment to remain as security," was not lost by the lapse of five years from its entry, before the act of the 26th of March 1827, although the entry of the rule and order of the court opening the judgment, be made on the execution docket, to the entry of the execution which had issued on such judgment.

The act of the 26th of March 1827 requires a *scire facias* to be issued to preserve the lien in such case, and the lien, since that act, would not be preserved by a rule tying up the proceedings.

Where a judgment opened to let a defendant into a defence is not brought to trial within a reasonable time, and the defendant's real estate has been sold by the sheriff, and the money is in court for distribution, the court ought to permit the judgment creditor, who would be next entitled to the money, to appear as defendant, and rule the plaintiff to a trial.

APPEAL from the decree of the court of common pleas of *Berks* county, in the distribution of the moneys raised by the sale of the real estate of *John Miller,* a former sheriff of that county. *John Miller* having been duly elected sheriff, on the 20th of October 1817 entered into bond and executed a recognizance according to law. To January term 1830, a writ of *venditioni exponas* issued against him, on which his real estate was sold, and the money arising therefrom paid into court by the then sheriff: to wit, 1132 dollars, arising from real estate of which the said *John Miller* was seised and possessed before, and at the execution of said recognizance ; and 475 dol-

2 z