## M'Farland *against* Hall.

A parol grant of land, where there was no delivery of possession under the
contract, and therefore no part execution, is within the statute of frauds and
perjuries.

WRIT of error to the court of common pleas of *Alleghany* county.
This was an ejectment brought by William Hall, the defendant
in error, against the plaintiff in error, Andrew M'Farland, for two
acres of land.   The defendant below claimed the land as a parol grant
from the plaintiff's father in consideration of horse-shoeing; and
contended for a conditional line, by which the father agreed the land
should be bounded.   There was no dispute as to these facts ; but
there was no evidence of possession by the defendant *in pursuance* of

the verbal agreement. Verdict and judgment were rendered for the plaintiff below.

The following error was assigned:

The court erred in charging the jury in substance, that the declarations of the plaintiff below, that his father, under whom he claimed, had given a small piece of ground within the defendant's lines to said defendant for horse-shoeing, did not take the case out of the statute of frauds and perjuries, nor were they sufficient to establish a conditional line between the parties.

*Burke*, for the plaintiff in error.

Our defence was, that although a part of the land of M'Farland was within Hall's lines, it was given to M'Farland by Hall's father. This part was bounded by a conditional line, marked by a black oak and an old fence, which had been recognized by the neighbours for *seventeen* years, during all which time M'Farland remained in possession. We proved the declaration of Hall, that his father had made the donation to M'Farland for shoeing horses. Possession and the payment of the purchase money take the case out of the statute against frauds and perjuries. And there was no dispute in this case as to the payment of the consideration. Bassler *v.* Neisely et al., 2 *Serg. & Rawle* 352. Here the land was improved and converted into a meadow by the defendant. Billington *v.* Welsh, 5 *Binn.* 129, 131; 1 *Binn.* 378; Smith *v.* Lessee of Patton and wife, 1 *Serg. & Rawle* 80; Clarke et al. *v.* Vankirk, 4 *Serg. & Rawle* 354.

*Fetterman*, for the defendant in error.

The parties live on adjoining tracts of land. We proved that the conditional line for which M'Farland contended, was in fact between the father of Hall and a man by the name of Wolf. The evidence went to destroy the conditional line under which the defendant below claimed, and to justify trespass. The possession must refer to and be in pursuance of the sale. Of this there was no evidence. Jones *v.* Peterman et al., 3 *Serg & Rawle* 543.

PER CURIAM.—It is conceded that there was no delivery of possession under the contract; and it is therefore in effect conceded that there was no part execution of the contract to take it out of the statute of frauds.

Judgment affirmed.