## ⁞ Stewart *against* Stewart.

A parol gift of land from a father to a son is as much affected by the statute of frauds as if it were to a stranger; and to take it out of the statute, there must be a delivery of possession and the expenditure of money or labour on the land in consequence of the gift.

WRIT of error to the court of common pleas of *Alleghany* county.

This was an action of ejectment for twelve acres of land, brought by Sarah Stewart, the defendant in error, against Robert Stewart and another, the plaintiffs in error. Title was admitted to have been in John Stewart deceased, the husband of the plaintiff and father of the defendants below, for the whole tract of which the ground in dispute is a part. The plaintiff below then gave in evidence the will of John Stewart deceased, dated the 12th of February 1825, and proved the 3d of September 1825, by which he devised to the plaintiff all his real estate to hold during her life.

The defendants below then gave evidence showing that Robert Stewart had received the ground as a parol gift from his father, which his father, for a number of years previous to his death, uniformly acknowledged to have made. The precise period at which the gift took place, and whether the donee entered into possession before or after the date of the gift, did not appear. But after the gift was made, Robert Stewart put improvements to the value of 50 dollars on the house which stood upon the ground, whether at his own expense or at that of his father, was disputed. From 1817 till the death of his father in 1825, during a large portion of which time he held the ground in dispute by virtue of the gift, he carried on the whole farm for his father as a cropper, allowing to his father two-thirds of the products of the farm.

The plaintiff then proved that the father, for a year or two previous to his death, had rented the house and garden belonging to the ground in dispute, and that up to his death the ground was never assessed in the name of Robert Stewart, but that the whole tract embracing it was assessed in the name of the father.

The court below charged, that the parol gift, under which the defendant below claimed, was void under the statute for prevention of frauds and perjuries, and that the consideration of natural love, accompanied by delivery of possession, were not circumstances that would exempt the case from, or vary, the operation of the statute.

Error was assigned to this charge.

*Forward,* for plaintiff in error.

For a series of years the father uniformly acknowledged the parol

[Stewart v. Stewart.]

gift. It was never attempted to be frustrated until the old man was in his dotage and on his deathbed. By his will the wife got his whole estate for life. Provision was also made for the two youngest children. It would be fraudulent, and would defeat the object of the statute, were the gift to be rescinded, and the plaintiff in error thus excluded from a provision confessedly made by the father in consideration of the son's services, industry, and remaining at home to be the stay of the family, when other sons, old enough to assist, had gone away in pursuit of their own interests. The question is, whether the parol gift was so far executed, as to take it out of the statute of frauds? Possession was given to the donee, who afterwards made some improvements. Actual delivery of possession in the case of a parol sale, avoids the operation of the statute. And why should not the same principle apply to the case of a parol gift, made in consideration of natural love and affection, by a father to a son? May we not consider the gift, in the present case, in the light of a parol sale? Syler's Lessee *v.* Eckhart, 1 *Binn.* 378. When the fact of possession is clearly made out with reference to the agreement, it takes it out of the statute. It is no part performance. It is an entire execution of the contract. And this is the criterion by which we are to be governed in judging whether the case comes under its operation. The donor ought to be affected by his own act; and when he has actually made the gift and executed the contract by putting the donee in possession, as in the present case, where is the danger of defeating the object of the statute? It is not necessary, as maintained by the court below, that there should be possession, valuable improvements, and payment of taxes, to avoid the statute. In the case in 3 *Penns. Rep.* 364, where it was held that a parol gift from a father to a son was placed on the same footing with a parol sale to a stranger, the proof was that there was no gift. Jones *v.* Peterman, 3 *Serg. & Rawle* 543.

*Burke* and *Fetterman,* for defendant in error.

The naked question presented in this case is, whether delivery and possession will take the case out of the statute. There was no evidence to prove at what time the gift was made, or that the son was in possession in pursuance of the contract. The whole of the premises was rented by the father after the alleged gift took place. The son was a cropper, and gave his father two-thirds of the grain, a fact which rebuts the idea of possession. Eckert *v.* Eckert, 3 *Penns. Rep.* 332. The land was never assessed in the name of the son. The courts have latterly not evinced a disposition to increase the exceptions to the statute. The only reason for ever excepting a case from its operation is, that the object of it would be defeated by a contrary construction; as where valuable improvements have been made by the donee or grantee. But here that ground does not exist, and hence the reason also ceases to exist. Bassler *v.* Neisley et al., 2 *Serg. & Rawle* 352 ; Phillips *v.* Thompson, 1 *Johns. Ch.* 149. It is

[Stewart v. Stewart.]

disputed whether the improvements alleged to have been made by the son on the cabin, were paid for by himself or by his father.

PER CURIAM.—The point in this case was decided in Eckert *v.* Mace, 3 *Penns. Rep.* 364, where it was expressly said that a parol gift to a son is as much affected by the statute of frauds, as if it were to a stranger; nor was it pretended in Eckert *v.* Eckert, *Ibid.*, or in Syler *v.* Eckert, 3 *Binn.* 378, that such a gift would be valid, if not followed by improvements. To take a parol contract out of the statute, it is necessary not only that it be partly performed by delivery of the possession, but that it be on a valuable consideration paid or secured to be paid; or in the case of a gift, that there be an expenditure of money or labour in consequence of it, which comes to the same thing; and this for the plain reason that no equity arises from the naked delivery of the possession, and without a specific equity a chancellor would not interfere to compel a conveyance or execution of the contract.

Judgment affirmed.