## ¶ M'Kee *against* Phillips.

Nothing amounts to a part performance of a parol contract, entitling a party to specific relief, which does not put him into such a position that it would be a fraud upon him unless the agreement be performed.   Hence payment of part or the whole of the purchase-money, on a parol sale of land, as it admits of direct compensation, does not take a case out of the statute of frauds.

ERROR to the common pleas of *Crawford* county.

David M'Kee against David Snyder.   Ejectment, on the trial of which James Phillips, who had purchased the land *pendente lite*, was admitted to defend, Snyder having left the land.

The original title was admitted to have been in Griffith & Wallace.   The plaintiff then gave in evidence a deed from Griffith & Wallace, to him, dated December 11th, 1818, for land covering that in dispute, and rested.

The defendant gave in evidence a contract, dated August 10th, 1805, from John M'Dowel and the plaintiff to Robert M'Dowel for ten acres, for 20 dollars; also the receipt of plaintiff, November 6th, 1809, for 20 dollars.   He then proved the death of Robert M'Dowel, about the year 1812, the release by the heirs to John P. M'Dowel, another heir of the deceased, April 5th, 1825, and the conveyance by John P. M'Dowel to Snyder, September 18th, 1833.

The plaintiff then offered to prove, that in October 1831, he was present when an agreement was entered into, by parol, between M'Kee, the plaintiff, and John P. M'Dowel, that the latter sold to M'Kee the land in dispute, for which M'Kee was to obtain a credit for M'Dowel with W. Foster, for 50 dollars, which M'Kee agreed he would do; that M'Dowel said it was not necessary to have writings, as when M'Kee brought the receipt from Foster, the original article, M'Kee, &c., to M'Dowel, would be given up. The plaintiff offered to follow this up by evidence, that Snyder was aware of M'Kee's contract with M'Dowel; and that the 50 dollars were paid to Foster by M'Kee, on the 14th of October 1821.

To which testimony the defendant's counsel objected; the court sustained the objection and the plaintiff excepted.   Verdict and judgment for defendant.

*Derrickson*, for plaintiff in error, cited 3 *Rawle* 53; 3 *Penns. Rep.* 364; 3 *Atk.* 1; 4 *Ves. Jun.* 720.

*Farrelly*, contra, cited 2 *Story's Con. of Laws* 64; 1 *Watts* 392; 3 *Watts* 37. 253; 5 *Watts* 46; 6 *Watts* 464.

IX.—G*

[M'Kee v. Phillips.]

The opinion of the Court was delivered by

ROGERS, J.—It seems formerly to have been thought, that a deposit, or security, or payment of the purchase-money, or at least of a considerable part of it, was such a part performance as took the case out of the statute of frauds and perjuries. But that doctrine was open to much controversy, and has been finally overthrown. 2 *Story's Con. of Laws* 64, and the authorities there cited; *Sug. Vend. ch.* 8, *sect.* 3, p. 112. The distinction taken in some of the cases between the payment of a small part, and a payment of a considerable part of the purchase-money, seems quite too refined and subtle. For, independently of the difficulty of saying what shall be deemed a small, and what a considerable part of the purchase-money, each, upon principle, must stand on the same reason, that it is a part performance in both cases, or not in either. Nothing is to be considered a part performance which does not put the party into a situation, which is a fraud upon him, unless the agreement be performed. As, therefore, payment of part or the whole of the purchase-money, admits of full and direct compensation, there is no reason on that ground to take the case out of the act. And although a party may become insolvent before a judgment at law can be executed, yet it is better to submit to that inconvenience than to relax the requirements of the statute. The modern decisions seem to evince a disposition in the courts to restore the reading of the statute to its proper and legitimate limits. But be this as it may, in other states, yet after the decision of Peifer *v.* Landis, 1 *Watts* 392; M'Farland *v.* Hall, 3 *Watts* 37; Stewart *v.* Stewart, 3 *Watts* 253; and Haslett *v.* Haslett, 6 *Watts* 464, this is not now an open question in Pennsylvania. In these cases it is ruled that an exclusive possession is an indispensable ingredient in a case for specific performance of a parol contract for the sale of land, in effect deciding that nothing short of a possession taken in pursuance of the contract, will take a case out of the act.

Judgment affirmed.