## OXLEY v. TRYON.

Minor: CORRECTION OF VOLUNTARY CONVEYANCE. A minor who executes as a gift a voluntary conveyance to a sister, in which, by mistake, the land is incorrectly described, cannot be compelled after attaining his majority to execute a deed for the land intended to be conveyed, though after arriving of age he promised so to do. The promise in such case is without consideration to support it.

*Appeal from Linn District Court.*

FRIDAY, JUNE 12.

MINORITY, GIFT, ETC.—The defendant and Frances L. Oxley, deceased, were brother and sister. Plaintiffs are the heirs at law of the said Frances. Defendant, when a minor, without consideration, and as a gift, made his sister a deed for ten acres of land. This deed, by mistake, failed correctly to describe the land. After the defendant attained his majority, the referee finds (though there was a conflict of testimony on the point), that when his attention was first called to the mistake he promised to rectify it, but afterward refused to do so. The present petition, which is in equity, seeks to compel the defendant to make a deed for the land intended to have been conveyed. The court decided against the plaintiffs, who appeal.

*Thompson & Davis* for the appellants.

*Smyth & Young* for the appellee.

DILLON, Ch. J. — We would be quite willing to reverse the decree if there was any legal principle upon which a reversal could rest. The deed was made when the defendant was under age, and was a nullity, certainly as to land it did not convey. The plaintiff cannot base their right to relief upon the defendant's alleged promise to make a corrected deed, for this promise was without consideration. There was no consideration for it at the time. As the land intended to be described in the deed was a gift, the promise to rectify this deed can derive no aliment to support it from the original transaction. The transaction stands simply as an intended, but uncompleted, gift. We find no warrant in the testimony for the plaintiffs' position, that the deed was made to settle a dispute between the defendant and his sister, and thereby save litigation.

*Minor: correction of voluntary conveyance.*

The plaintiffs or their ancestor, have taken no actual possession of the land, following it by an expenditure of money or labor thereon, and hence there is no ground of this character upon which to base a claim for a deed. They paid taxes on the land from 1862 to 1866, inclusive, but the amount has been tendered back by the defendant, and is in court for the plaintiffs. The plaintiffs make the point, that, as the defendant's deed recites a consideration of one dollar and other good considerations, that evidence is not competent to show that in fact no consideration was paid.

If the plaintiffs were standing upon this deed, and the defendant was seeking to defeat it by showing it to be without consideration, plaintiffs position would, at least aside from the question of the grantor's minority, be well taken.

The testimony which was received without objection, clearly shows that the land now claimed by the plaintiffs was intended to be a gift, purely so ; and that no valuable

consideration was paid. If, however, such testimony had been objected to, it would, in such a suit as the present, have been competent. The minority of the defendant when the deed was made, and the want of consideration, the want of actual possession followed by an expenditure of money or labor are insurmountable barriers to the relief demanded. Story's Eq. Jurisp. 787, 793 *a ; Moore* v. *Parson,* 6 Iowa, 279; *Holland* v. *Heasley,* 4 id. 222, and cases cited; *Banks* v. *May's Heirs,* 3 A. K. Marsh. 435; *Dawson* v. *Dawson,* 1 Dev. Eq. 93; *Pennington* v. *Gittings,* 2 Gill. & J. 208; *Stewart* v. *Stewart,* 3 Watts, 253.

Affirmed.