Argued 27 June; decided 13 August, 1900.

## NON-SHE-PO *v.* WA-WIN-TA.

[ 62 Pac. 15.]

INDIAN LANDS—LAW OF DESCENT.

1. The only rule for determining the descent of real property belonging to an allottee of land within the Umatilla Indian Reservation is that provided by the statutes of Oregon.

REQUISITES OF ADOPTION.

2. Adoption always requires some special proceeding more than the mere physical care of the person adopted—in Oregon a decree of court in the manner provided by statute* is necessary to give the child an inheritable quality: *Furgeson* v. *Jones*, 17 Or. 204, cited.

ADOPTION—INDIAN CUSTOM.

3. An adoption of another's child can never be accomplished by merely caring for and rearing it, even if such be the custom of the community or tribe or nation where the persons lived.

From Umatilla : STEPHEN A. LOWELL, Judge.

Suit by Non-she-po against Wa-win-ta-la-yeckt to determine an adverse claim to realty in which defendant prevailed.    AFFIRMED.

For appellant there was a brief over the name of *Stillman & Pierce,* with an oral argument by *Mr. A. D. Stillman.*

For respondents there was a brief and an oral argument by *Mr. Thos. G. Hailey.*

---

*NOTE.—The law in Oregon on this subject is found in Sections 2937 to and including 2944, Hill's Ann. Laws.—REPORTER.

Mr. Chief Justice Bean delivered the opinion.

1. This is an appeal from a decree dismissing a complaint in a suit, under section 504 of the statute (Hill's Ann. Laws), to determine an adverse claim to real estate. The parties are Indian women belonging to the Umatilla and Walla Walla tribes, respectively; both residing upon the Umatilla Reservation. The real property in controversy is a forty-acre tract of such reservation, in possession of the plaintiff, allotted, under the act of March 3, 1885 (23 Stat. c. 319), to one George Pearson, who died prior to the commencement of the suit, leaving no lineal descendants, and neither a wife nor a father. Defendant is the mother, and plaintiff the grandmother, of Pearson. The complaint alleges that in the year 1879, when Pearson was about four months old, he was abandoned by his mother and left to perish ; that thereupon he was taken and cared for by the plaintiff until his death; that, according to an immemorial custom among the tribes of Indians residing on the reservation, whenever an infant is abandoned by its parent or parents the person caring for it becomes its adopted parent, and thereafter has and enjoys all the rights and privileges which would have been enjoyed and possessed by its parent or parents if it had not been so abandoned, and such infant becomes the adopted child of the person so caring for it, and enjoys all the rights and privileges of a natural child ; that by reason of these facts the infant, Pearson, became to all intents and purposes the son of the plaintiff, and the defendant thereby abandoned and forever surrendered all rights and privileges of heirship she might otherwise have had by reason of being the mother of such child. The plaintiff therefore claims to be the heir of Pearson, and as such entitled to inherit the forty acres of land allotted to him under the act of congress, while the de-

fendant claims that she is entitled to the property as his natural mother.

The act of congress referred to provides for the allotment in severalty of the land comprised within the Umatilla Reservation to the Indians residing thereon, and that after such allotment " the President shall cause patents to issue to all persons to whom allotments of lands shall be made under the provisions of this act, which shall be of the legal effect and declare that the United States does and will hold the land thus allotted, for the period of twenty-five years, in trust for the sole use and benefit of the Indian to whom such allotment shall have been made, or, in case of his decease, of his heirs according to the laws of the State of Oregon, and that at the expiration of said period the United States will convey the same by patent to said Indian, or his heirs as aforesaid, in fee, discharged of such trust and free of all charge or incumbrance whatsoever." It thus appears that, under this statute, in case of the death of an allottee the title of the land allotted to him shall descend to his heirs "according to the laws of the State of Oregon," so that the question of heirship must be determined from the statutes of this state.

2. The right of the plaintiff to recover depends upon whether, under the custom alleged in the complaint, she became the legally adopted mother and heir of the infant, Pearson, by reason of his mother's abandonment and her subsequent nurture and care of him. Now, adoption is the taking into one's family the child of another as son and heir, and conferring on it a title to the rights and privileges of such. It is a right purely statutory, and was unknown to the common law. It was, however, a feature of the Roman law, but even according to that system some special authority of law was necessary to constitute an adoption: *Ballard* v.

*Ward*, 89 Pa. St. 358. It never was in the power of an individual, either by the common law of England or the Roman law, to adopt the child of another at his own volition, or by the consent of its parents : *Abney* v. *De Loach*, 84 Ala. 393 (4 South. 757). There must be some special authority for such a proceeding. In this state it requires the decree of a competent court, made in conformity to the provisions of the statute, to confer on a child the capacity or quality of heir to a stranger : *Furgeson* v. *Jones*, 17 Or. 204 (20 Pac. 842, 3 L. R. A. 620).

3. In the matter of marriage between Indians, tribal customs have been recognized by the courts because they were in conformity to natural rights. But the right of adoption is contrary to natural law, and we have been unable to find any case reported where adoption by custom has been sanctioned or maintained. It follows from these views that the decree of the court below must be affirmed, and it is so ordered.        AFFIRMED.