## Carroll's Estate.

*Adoption—Parent and child—Parol adoption—Contract—Married woman.*

The only methods of adoption of children known to the law of Pennsylvania, are those prescribed by the Act of May 4, 1855, P. L. 430, sec. 7, as re-enacted by the Act of May 19, 1887, P. L. 125, sec. 1, and the Act of April 2, 1872, P. L. 31, sec. 2. The former provides for adoption by

petition to, and decree of, the court of common pleas; and the latter for adoption by deed duly executed and recorded. There is no such thing as a parol adoption.

Where a husband adopts a child by proceedings in the court of common pleas, but the wife is in no way a party to the proceedings, the child does not become an adopted child of the wife, so as to inherit the wife's estate.

The measure of damages for a breach of contract to adopt is the value of the services performed, or outlay incurred on the strength of the promise.

Where a husband adopts a child by proceedings to which his wife was not a party, services rendered in the household by the adopted child will be presumed to be on account of the adopted father, and not for the wife.

In 1865 a married woman, living with her husband, had no power to enter into a contract to adopt.

The right to take property by devise or descent is the creation of the law, and not a natural right. The legal act of adoption carrying with it the right to inherit, is purely statutory, and the statute must, in cases where its provisions are applied, be strictly followed.

MITCHELL, C. J., dissents.

Argued Oct. 29, 1907. Appeal, No. 71, Oct. T., 1907, by Sinah Jaquay, from decree of O. C. Allegheny Co., June T., 1906, No. 95, sustaining exceptions to adjudication in Estate of Martha J. Carroll, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Exceptions to adjudication.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was decree sustaining exceptions to adjudication.

*Thomas M. Benner*, for appellant.—The alleged contract was insufficiently proven : Graham v. Graham's Executors, 34 Pa. 475 ; Pollock v. Ray, 85 Pa. 428 ; Wall's Appeal, 111 Pa. 460.

There was no legal adoption : Ballard v. Ward, 89 Pa. 358 ; Brown's Adoption, 25 Pa. Superior Ct. 259 ; Morrison v. Sessions's Estate, 70 Mich. 297 (38 N. W. Repr. 249) ; Foley v.

Foley, 61 Ill. App. 577; Thorne's Case, 155 N. Y. 140 (49 N. E. Repr. 661).

It is a certain fact that the consensus of opinion of the courts, as shown by all the cases, is that an adoption except in a way provided by statute is unenforcible both in law and equity : Long v. Hewitt, 44 Iowa, 363 ; Sarazin v. R. R. Co., 153 Mo. 479 (55 S. W. Repr. 92); Renton's Estate, 10 Washington, 533 (39 Pac. Repr. 145); Tyler v. Reynolds, 53 Iowa, 146 ; Shearer v. Weaver, 56 Iowa, 578 ; Vandermis v. Gilbert, 10 Pa. Superior Ct. 570 ; Watts v. Dull, 184 Ill. 86 (56 N. E. Repr. 303).

The contract was made by incompetent parties : Moore v. Cornell, 68 Pa. 320 ; Pettit v. Fretz's Executor, 33 Pa. 118 ; Shonk v. Brown, 61 Pa. 320 ; Berger v. Clark, 79 Pa. 340 ; Hinkle v. Landis, 131 Pa. 573 ; Mahon v. Gormley, 24 Pa. 80.

The contract being utterly void for want of authority in Mrs. Carroll to make it, it cannot be ratified : Nesbitt v. Turner, 155 Pa. 429 ; Kingan's Estate, 49 P. L. J. 219.

No damages can be recovered for breach of the alleged contract : Graham v. Graham's Executors, 34 Pa. 475 ; Kauss v. Rohner, 172 Pa. 481 ; Sandham v. Grounds, 94 Fed. Repr. 83 ; Wall's Appeal, 111 Pa. 460 ; Thompson v. Stevens, 71 Pa. 161 ; Miller's Estate, 136 Pa. 239 ; Carpenter v. Hays, 153 Pa. 432 ; Pollock v. Ray, 85 Pa. 428 ; Van Dyne v. Vreeland, 11 N. J. Eq. 370 ; Wright v. Wright, 99 Mich. 170 (58 N. W. Repr. 54) ; Sharkey v. McDermott, 91 Mo. 647.

*John P. Hunter*, of *Lyon, Hunter & Burke*, for appellee.— Independent of the act of 1855 a valid contract could be made by which a person could adopt a person as a child in consideration of that child taking as an heir upon the death of the party thereto. Adoption is a contractual relation, and the act of 1855 specifies a method in which that contract can be evidenced, but such method is not the only evidence thereof : Susman's Estate, 45 P. L. J. 101 ; Van Dyne v. Vreeland, 11 N. J. Eq. 370 ; Schutt v. Missionary Society, 41 N. J. Eq. 115 (3 Atl. Repr. 398); Nowack v. Berger, 133 Mo. 24 (34 S. W. Repr. 489) ; Gates v. Gates, 34 App. Div. 608 (54 N. Y. Supp. 454); Godine v. Kidd, 64 Hun, 585 (19 N. Y. Supp. 335); Heath v. Heath, 18 Misc. 521 (42 N. Y. Supp. 1087); Winne v.

Winne, 166 N. Y. 263 (59 N. E. Repr. 832) ; Durkee v. Durkee, 59 Vt. 70 (8 Atl. Repr. 490); Wright v. Wright, 99 Mich. 170 (58 N. W. Repr. 54) ; Jaffee v. Jacobson, 48 Fed. Repr. 21.

Even if what we suggest is not true, in any event we submit that this is a good contract in the nature of a covenant by Mrs. Carroll, to stand seized to the use of Mrs. Hemmick, as one of her heirs, and as she, by the agreement was adopted as a child, and Mrs. Carroll had no other children, she was entitled to all the estate as an heir : Taylor v. Mitchell, 87 Pa. 518 ; Carson v. Cemetery Co., 104 Pa. 575 ; Dutton v. Pool, T. Raym. 302 ; Hoff's Appeal, 24 Pa. 200 ; Merriman v. Moore, 90 Pa. 78.

Since the act of 1855 the contract is valid as a contract of adoption, and the method of procedure pointed out by that act is not exclusive, but is simply one of the methods of evidencing such adoption : Peterson's Estate, 212 Pa. 453 ; Forest's Application, 2 Chester Co. Rep. 232; Wallace's Estate, 218 Pa. 39.

It must be borne in mind that Mrs. Carroll is not repudiating this contract or questioning its validity. She never did that, and the authorities are numerous that a married woman alone can avoid her contract, but the other party thereto is bound, and that after her coverture she can affirm the validity of the contract, and thereby be bound : Holden v. Banes, 140 Pa. 63 ; Brown v. Bennett, 75 Pa. 420 ; Towers v. Hagner, 3 Whart. 48 ; Dando's Appeal, 94 Pa. 76 ; Hinney v. Phillips, 50 Pa. 382 ; Leiper's Appeal, 108 Pa. 377 ; Brooks v. Bank, 23 W. N. C. 502 ; Brown v. Bennett, 75 Pa. 420 ; Ramborger's Admr. v. Ingraham, 38 Pa. 146 ; Glass v. Warwick, 40 Pa. 140 ; Snyder v. Noble, 94 Pa. 286.

This is not an action for damages for breach of contract, but, treating it as an action and a contract, it is for the consideration of an executed contract by the one who has had full performance.

Opinion by Mr. Justice Potter, January 6, 1908 :

This case was presented to the orphans' court as resting upon two grounds. First, that claimant was the adopted child of the decedent, Martha J. Carroll ; and, second, that if she was not an adopted child there had been a contract with decedent for her adoption, under which claimant was

entitled to recover the proportion of the estate which would have gone to her had she been duly and regularly adopted. The auditing judge found that while under regular proceedings, in accordance with the statute, in the court of common pleas, the claimant had been adopted by D. W. C. Carroll as his child, yet his wife, Martha J. Carroll, was not in any way a party to those proceedings, and that claimant therefore acquired no rights as a child or heir of the wife. It appeared from the evidence that claimant was not legally adopted, even by the husband, until some five years after she had become an inmate of his household; and the auditing judge was of the opinion that the presumption was that the terms of any parol agreement which may have been made between Mrs. Carroll and the mother of claimant with regard to an adoption of the child, were fulfilled in the proceedings which were taken by the husband, and that it was accepted in full performance thereof. He was also controlled, in reaching his conclusions, by the fact that if any contract was made between Mrs. Carroll and the mother of claimant it was invalid, because the father of claimant was not a party to it, and because Mrs. Carroll, being a married woman, was at that time incompetent to so contract. There was no evidence of any services rendered by the claimant to Mrs. Carroll, and, therefore, no recovery could be had upon that ground. The auditing judge therefore dismissed the claim and awarded the estate to the collateral kindred of Mrs. Carroll. Upon exceptions to his decree it was overruled, and the court in banc entered a new decree awarding the estate to the claimant, Mrs. Hemmick, upon the ground that there was, in the opinion of the majority of the court, sufficient evidence to support the conclusion that a parol contract of adoption had been made by Mrs. Carroll, and that if the claimant was not adopted by the wife as well as by the husband, she ought to have been, and that it was the intention of Mrs. Carroll that she should be.

The only methods of adoption of children known to the law of Pennsylvania, are those prescribed by the Act of May 4, 1855, P. L. 430, sec. 7, as re-enacted by the Act of May 19, 1887, P. L. 125, sec. 1, and the Act of April 2, 1872, P. L. 31, sec. 2. The former provides for adoption by petition to, and decree of, the court of common pleas; and the latter for adop-

tion by deed duly executed and recorded. While the act of 1872 refers to " the common-law form of adopting a child by deed," yet the authorities are uniform to the effect that adoption was unknown to the common law, whether by deed or otherwise : Ballard v. Ward, 89 Pa. 358 ; McCully's Appeal, 10 W. N. C. 80 ; Session's Estate, 70 Mich. 297 ; Butterfield v. Sawyer, 187 Ill. 598. We know of no authority for the proposition that, in the state of Pennsylvania, a child may be adopted by parol. The doctrine of Peterson's Estate, 212 Pa. 453, does not justify any such conclusion. In that case, the adoption was not in parol, nor was there any effort to show that it was ; it was under the petition of both the husband and wife, and the decree of the court. It is definitely pointed out in the opinion, that the petition was the act of both husband and wife, and that both had signed it before the court passed upon it. The question there, was whether or not the wife was actually a party to the proceedings in adoption, and it was held that she was. That her act in signing the petition which had been drawn for the husband alone, and afterwards used for both husband and wife without making all the proper verbal changes, raised the presumption that she intended to make herself a party to it, and that this presumption was reinforced by the prayer that the adopted child shall have " all the rights of a child and heir of the petitioners," putting it distinctly in the plural. It is clearly to be implied from the opinion in Peterson's Estate, that if the wife had not been in any way a party to the petition or to the statutory proceedings, there would have been no adoption by her. There is no pretense in the present case that the wife was in any way a party to the proceedings, or that she made any attempt to adopt by deed. As there could be no adoption in any other way, the claim of Mrs. Hemmick, to inherit as a child of Mrs. Carroll, has no basis on which to rest.

As to the right to recover damages for a breach of contract to adopt, the measure of such damages is correctly stated by the auditing judge, as being the value of the services performed, or outlay incurred on the strength of the promise : Kauss v. Rohner, 172 Pa. 481 ; Pollock v. Ray, 85 Pa. 428 ; Graham v. Graham's Exrs., 34 Pa. 475. In the present case there was no evidence of services rendered by the claimant to

decedent. Whatever services were shown to have been rendered by her were in the lifetime of decedent's husband, the father by adoption, and while she was an inmate of his household, or when she came from her own home to nurse him in his last illness. For these services the decedent was not responsible. It appears, too, that decedent lived only nine months after her husband's death, and there is no evidence of any services rendered to her by the claimant, during that time. Claimant was married in 1881, and then left the home of her adopted father, and it does not appear that she rendered any service in his house after that time, except when she returned at various times for the express purpose of nursing him. Even had she rendered other household services, the presumption would, of course, be that they were on account of her adopted father, and not for the wife.

The alleged parol contract was said to have been made about the year 1865, and at a time when Mrs. Carroll was married and living with her husband. She could make no lawful or binding contract of this nature at that time. Nor do we see any evidence sufficient to constitute ratification. The declarations relied upon for that purpose are all consistent with her recognition of claimant as the adopted child of her husband. So is her treatment of claimant as a child, and the children of claimant as the grandchildren of decedent. The personal attitude of the inmates of a family towards an adopted child, as regards the family relation, is a matter entirely for the parties. But the matter of inheritance is entirely under the regulation of the law. The right to take property by devise or descent is the creation of the law, and not a natural right. The legal act of adoption carrying with it the right to inherit, is purely statutory, and the statute must, in cases where its provisions are applied, be strictly followed.

We are satisfied that the conclusions of the auditing judge were correct, and that Mrs. Hemmick has no claim upon the estate of Mrs. Carroll.

The decree of the orphans' court is reversed and it is now considered and adjudged that the decree of the auditing judge be affirmed.

Mitchell, C. J., dissents.