# Hughes's Estate.

*Will—Children—Daughter—Adopted daughter.*

1. A direction in a codicil to a will that the money which testator had in bank should be equally divided among all his children, does not include a woman whom the testator had recognized and treated as one of his children for thirty-five years, although not of his blood, and whom in his will he designated as "an adopted daughter" and "my daughter."

2. In Pennsylvania a child may not be adopted by parol.

Argued April 14, 1909. Appeal, No. 103, Jan. T., 1909, by Annie Griffith Landy, from decree of O. C. Luzerne Co., No. 65, of 1907, dismissing exceptions to adjudication in Estate of Henry L. Hughes. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Affirmed.

Exceptions to adjudication.

FREAS, P. J., filed the following opinion:

Henry L. Hughes, the testator, left to survive him three children, and three grandchildren, the latter being children of a daughter, Margaret Lamoreaux, who died previous to the time of making his will. He had taken to raise when she was sixteen months a girl named Annie Griffith, and he always treated her precisely as he did his own daughters; she addressed him as father and his wife as mother, and he spoke of her as his daughter. She was in fact not related to him in any way.

It is claimed on behalf of the grandchildren and Annie Griffith that they are included in the term "children" as mentioned in the codicil and are therefore entitled to share with the living children of his blood in the distribution of his money in bank.

The pertinent parts of the will and codicil read as follows:

"I will and bequeath to my daughter, Sarah Eldred, one hundred acres of land, it shall be the south end of the William Hyde tract, and to my son, Henry H., the use of one hundred acres of the same tract lying on the north side of the piece devised to Sarah, and to my son, Lewis, I will the remainder of the homestead including the north portion of the William Hyde survey. I will to my daughter, Jane Cease, and my daughter's children of Margaret Lamoreaux, now dead, and Annie Griffith, an adopted daughter, the remainder of my property which consists of house and lot in the city of Wilkes-Barre, and two houses and lots in West Nanticoke and mountain tract in Huntington Township known as the Lewis Richards tract, my daughter Annie Griffith shall not be debarred from remaining on the homestead during the lifetime of my widow.

"My son, Lewis, shall have the use of the hundred acres set apart for him but not to sell, convey the same, it shall fall to his heirs at his death, and I further appoint my son, Henry H. Hughes, to be guardian of the children of my daughter, Margaret Lamoreaux, in their minority, also guard-

ian of my son, Lewis, providing that Lewis does not hold and occupy the land designed for him."

Codicil No. 2:

"Know all persons that I, Henry L. Hughes, of Plymouth Township, Luzerne County, and State of Pennsylvania, does this day alter my former will by reason of the death of my son, Lewis, and I hereby bequeath the homestead to my daughter, Sarah, during her lifetime, and at her death it shall fall to her heirs, and the money that I hold in the bank shall be equally divided among all of my children."

It is well-settled rule of law that a bequest to children, where there are children to take, does not include grandchildren unless it be the apparent intention of the testator, clearly disclosed by his will, to provide for the children of a deceased child: Hunt's Estate, 133 Pa. 260. There is nothing in this will which by necessary implication permits a construction differing from the ordinary rule of law, and we find that the grandchildren are not comprehended in the word "children," and consequently they do not share in the bequests to his children of the money in bank. They, however, will take of testator's estate, not disposed of by his will, the same share their mother would take if living.

For Annie Griffith it is contended that the will of testator, in which he speaks of her as his daughter and his adopted daughter, operates as a deed of adoption under Act of April 2, 1872, P. L. 31. Whether the will is in compliance with that act we need not say, for it is held in Carroll's Estate, 219 Pa. 440, that in Pennsylvania there is no authority for the proposition that a child may be adopted by parol. We have no evidence of her adoption by decree of court, and we must, therefore, conclude that she was never legally adopted by testator.

It is further contended on behalf of Annie Griffith that the testator intended to include her in the term "children" as found in the codicil, as manifested by the language employed in the body of the will. He makes devises to her as "Annie Griffith, an adopted daughter," and as "my daughter, Annie Griffith." These words are merely descriptive of the person

intended; they did not, in fact, make her a daughter or an adopted daughter, for she was neither: Line's Estate, 221 Pa. 374. There being children of his blood to take, no necessity arises to extend the term beyond its natural import: Hunt's Estate, 133 Pa. 267. The language employed by testator in his revoked will, if it is evidence of his intention, does not sustain her contention. It follows that Annie Griffith is not to share in the distribution of the money in bank, nor does she share in the part of testator's estate which passes under the intestate laws.

*Error assigned* was decree dismissing exceptions to adjudication.

*Evan C. Jones,* with him *Thomas Butkiewicz, Jr.,* for appellant.

*Granville J. Clark,* with him *P. W. McKeown,* for appellee.

PER CURIAM, May 20, 1909:
The decree is affirmed on the opinion of the court below.