# Benson, Appellant, v. Nicholas.

*Equity—Equity jurisdiction—Adoption—Methods of adoption—Agreement to adopt—Adoption by parol—Acts of May 4, 1855, P. L. 430, Sec. 7; May 19, 1887, P. L. 125, Sec. 1, and April 2, 1872, P. L. 31, Sec. 2—Demurrer.*

1. The adoption of a child cannot be effected by parol. The only methods of adoption of children known to the law of Pennsylvania are those prescribed by the Act of May 4, 1855, P. L. 430, Section 7, as re-enacted by the Act of May 19, 1887, P. L. 125, Section 1, and the Act of April 2, 1872, P. L. 31, Section 2. The former provides for adoption by petition to, and decree of, the Court of Common Pleas, and the latter for adoption by deed duly executed and recorded.

2. A bill in equity filed by the plaintiff against the sister and next of kin of a decedent and against the administrator of his estate, averred that when the plaintiff was a child, the decedent and his wife made an agreement with plaintiff's father to adopt plaintiff; that there was no legal adoption owing to the fact that the father could not be found nor his consent obtained; that they took her into their care and keeping, changed her name, exercised the authority of parents over her and maintained the family relation to her during their lives; and that she performed her part by rendering the duties and services and obedience due from a child to her parents. The bill prayed for a decree giving effect to the agreement, and that plaintiff be declared entitled to such share of the decedent's estate as she would have been entitled to, had she been legally adopted. *Held,* that the court did not err in sustaining a demurrer and dismissing the bill.

3. In such case, if plaintiff had any claim to the real estate of decedent, her remedy would be by ejectment and the exclusive jurisdiction to determine her claim to share in the estate as a distributee would be in the Orphans' Court.

Argued April 27, 1914. Appeal, No. 267, Jan. T., 1913, by plaintiff, from decree of C. P. Erie Co., Sept. T., 1912, No. 9, in equity, dismissing bill to declare adoption of child, in case of Reatha Benson v. Mary B. Nicholas and B. J. Hewitt, administrator of the estate of James B. Nicholas, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Bill in equity to declare a child legally adopted.  Before WALLING, P. J.

The opinion of the Supreme Court states the case.

On demurrer the court dismissed the bill.  Plaintiff appealed.

*Error assigned* was in sustaining defendants' demurrer and dismissing the bill.

*M. Levant Davis,* for appellant.

*E. L. Whittelsey,* with him *George M. Mason* and *Robert L. Roberts,* for appellees.

OPINION BY MR. JUSTICE POTTER, July 1, 1914:

This was a bill in equity filed by Reatha Benson against Mary B. Nicholas, the sister and next of kin, of James B. Nicholas, deceased, and against B. J. Hewitt, the administrator of his estate.  It is averred in the bill, that when plaintiff was a child, Mr. and Mrs. Nicholas made an agreement with plaintiff's father to adopt plaintiff, and to treat her as their own daughter; and that they did take her into their care and keeping from that time, and changed her name from Matilda Webb to Reatha Nicholas, under which name she grew up, and by which she was known.  There was, however, no legal act of adoption.  This was owing, it is said, to the fact that her father could not be found, nor his consent obtained, and the legal proceedings for her adoption were never carried forward to completion.  It was further alleged, that plaintiff was brought up by and was treated as a daughter by James B. Nicholas and wife, and that they exercised the authority of parents over her, and maintained the family relation to her during their lives; and that she having performed her part by rendering the duties, service and obedience due from a child to her parents, was entitled to have the agreement for her adoption given effect, and was entitled to share

as a child in the estate of James B. Nicholas. The prayer of the bill was for an order and decree giving effect to the said agreement, and that plaintiff should be declared entitled to such share of the decedent's estate as she would have been entitled to, had she been legally adopted. The defendants demurred to the bill upon the ground that it was multifarious, and for the further reason, that if plaintiff was entitled to any relief, she had an adequate remedy in the Orphans' Court, or in a court of law. The court below sustained the demurrer and dismissed the bill, but without prejudice to plaintiff's rights in any other proceeding concerning the estate. Plaintiff has appealed. In her bill she has prayed only for specific performance of a contract, and not for damages for its breach. Her attitude is not that of a creditor of decedent's estate, but she seeks to be allowed to participate in the estate as a distributee. The jurisdiction to determine the merits of such a claim is, therefore, exclusively in the Orphans' Court. But in order to establish her alleged right to participate as an heir of the decedent, appellant must prove that she was adopted by James B. Nicholas as his child. Admittedly the bill as filed does not show an adoption. In fact it is admitted that there was no legal adoption. There is only an allegation of an intention to adopt, which was never carried out. To argue that the facts shown amounted to an adoption, would be merely to claim an adoption by parol, and no such thing is known to the law of Pennsylvania. This was expressly decided in Carroll's Est., 219 Pa. 440. We there said (p. 444): "The only methods of adoption of children known to the law of Pennsylvania, are those prescribed by the Act of May 4, 1855, P. L. 430, §7, as re-enacted by the Act of May 19, 1887, P. L. 125, §1, and the Act of April 2, 1872, P. L. 31, §2. The former provides for adoption by petition to, and decree of, the Court of Common Pleas; and the latter for adoption by deed duly executed and recorded. While the Act of 1872 refers to 'the common-

law form of adopting a child by deed,' yet the authorities are uniform to the effect that adoption was unknown to the common law, whether by deed or otherwise; Ballard v. Ward, 89 Pa. 358; McCully's App., 10 W. N. C. 80; Session's Estate, 70 Mich. 297; Butterfield v. Sawyer, 187 Ill. 598. We know of no authority for the proposition that, in the State of Pennsylvania, a child may be adopted by parol." This was followed in Hughes's Est., 225 Pa. 79. As to the real estate of decedent, if appellant had any claim to it, her remedy would be by ejectment. Her bill here is in that respect merely an ejectment bill, which under the settled rule, will not be entertained in a court of equity. Williams v. Fowler, 201 Pa. 336; Fredericks, et al., v. Huber, et al., 180 Pa. 572. In the present case, we can see no basis upon which plaintiff's claim can be sustained.

The assignment of error is overruled, and the decree of the court below is affirmed, and this appeal is dismissed at cost of appellant.