## Benson, Appellant, v. Nicholas.

*Real property—Adoption—Parol agreement to adopt—Promise to devise property—Ejectment.*

Where decedent in his lifetime entered into a parol agreement with the father of a young child to adopt the child and at his decease to leave her all of his property, and thereafter the child and decedent lived together in the relation of parent and child, but deceased never legally adopted her, the child did not thereby acquire any title to real estate of the decedent, who died intestate, and in an action of ejectment thereafter brought by the child to recover such real estate, a verdict for the defendant was properly directed.

Argued April 24, 1916. Appeal, No. 249, Jan. T., 1915, by plaintiff, from judgment of C. P. Erie Co., Sept. T., 1913, No. 87, on directed verdict for plaintiff in case of Reatha Benson v. Mary B. Nicholas. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Action in ejectment. Before WALLING, P. J.

The opinion of the Supreme Court states the case.

The lower court directed a verdict for the defendant. Plaintiff appealed.

*Error assigned,* among others, was in directing a verdict for the defendant.

*M. Levant Davis,* for appellant.

*George M. Mason,* with him *Robert L. Roberts,* for appellee.

PER CURIAM, May 15, 1916:

The real estate involved in this controversy belonged to James B. Nicholas, who died intestate, and is claimed by Mary B. Nicholas, a sister, as his next of kin and only

heir at law.  Reatha Benson, the plaintiff below, claim-
ing that she had been adopted by parol as a child by
James B. Nicholas and his wife, filed a bill, after the
death of the husband, averring such parol agreement to
adopt her, and praying that, notwithstanding their fail-
ure to legally adopt her as their child, effect be given to
the said parol agreement of adoption by decreeing that
she was entitled to such share of the husband's estate as
she would have been entitled to if she had been legally
adopted.  The decree of the lower court, dismissing her
bill, was affirmed: Benson v. Nicholas, 246 Pa. 229.  In
this action she seeks to recover the real estate left by
James B. Nicholas under what she alleges were the terms
of the parol agreement to adopt her, made with her
father.  The parol agreement, even if made, gave her no
title to the real estate in question.  She submitted the
following point to the court: "If the jury believe from
the evidence that the plaintiff, when a child of less than
a year old, was taken by the decedent, James Nicholas,
and his wife, upon an agreement with the father of the
child to take her and raise her as their own child, to
adopt her, and in all respects to treat her as their own
child, and to leave her any property which they would
have upon their decease; and that pursuant to said
agreement, they did take the plaintiff and raised her as
their own child, and always treated her as such, giving
her their own name, and exercising the authority of
parents over her, and maintaining the family relation
during their lives, and that the said plaintiff was always
thereafter recognized by the said James Nicholas and
his wife as their own child; and she on her part per-
formed the duties and services and rendered the obedi-
ence to them due from a child to its parents; and lived
with them until she was married and maintained the
family relation thereafter; and the said James Nicholas
having died intestate possessed of the lands in question,
leaving plaintiff to survive him, and without having
legally adopted her, that said agreement should be given

effect and the verdict of the jury should be for the plaintiff for the lands in question." In refusing this point and properly directing a verdict for the defendant, the learned trial judge said: "The facts therein stated, if all found in favor of the plaintiff, would not justify a recovery of this land."

Judgment affirmed.