SARAH C. DORSETT, RESPONDENT, v. SAMUEL P. VOUGHT, APPELLANT.

Submitted March 27, 1916—Decided June 19, 1916.

1. Where a testator devised certain lands for life to his wife, and made no disposition of the remainder, the undisposed of estate descended to his heirs-at-law, in this case four first cousins, to the exclusion of one referred to in another connection in the will as the testator's adopted daughter.

2. The fact that the testator took into his family a girl of tender years, but never formally adopted her according to law, but referred to her in his will as his adopted daughter, will not accord to her the *status* of an adopted child, so as to clothe her with the legal right of inheritance, in the absence of proof that she was legally adopted.

On appeal from the Supreme Court.

For the respondent, *J. W. & E. A. De Yoe.*

For the appellant, *George S. Hilton.*

The opinion of the court was delivered by

MINTURN, J.   The plaintiff sued in ejectment, to recover an undivided fourth interest in certain lands, adjoining the city of Paterson, known as Pope's Hall and Smith's Quarry, the property in his lifetime of Samuel Pope, and of which he died seized.

The testator had taken into his family, quite early in her youth, Ida Vought, the mother of the defendant. She afterwards married and had two children, of whom this defendant is the survivor.   The testator's nearest blood relations were four first cousins, of whom one is the plaintiff.

The will of the testator was duly probated, and therein he devised to his wife a life estate in the *locus in quo,* and left the residuary estate undisposed of.   In the will he refers in another connection to the defendant and his deceased sister as "the two minor children of my adopted daughter, Ida Vought, now deceased."

Upon the strength of this testamentary description of his mother, the defendant claimed the undisposed of residuary estate of the testator; while the plaintiff advances her claim to a fourth interest therein upon the theory that she is one of the four surviving first cousins of the testator, who constitute his only heirs-at-law.

The rule is fundamental that unless the intent of the testator to disinherit them be clear and palpable, the heirs-at-law will not be disinherited.   *Birdsall* v. *Applegate,* 20 *N. J. L.* 244; *Graydon* v. *Graydon,* 25 *N. J. Eq.* 561; *Woodruff* v. *White,* 78 *Id.* 410, affirmed by this court in 79 *Id.* 225; *Areson* v. *Areson,* 3 *Den.* 458.

There is no contention made that Ida Vought was formally and legally adopted by the testator as his daughter, and this being so, the allusion to her by the testator as his adopted daughter cannot be held to confer upon her a legal *status,* which the law recognizes only after the adoption to that end,

in solemn form of certain prescribed statutory requisites. *Comp. Stat., p.* 2807; *Pamph. L.* 1902, *p.* 259.

The cases cited in the respondent's brief are sufficiently luminous in support of this proposition, and indicate the rule to be that under such circumstances, the words used by the testator are merely *descriptio personarum,* and do not *per se* effectuate the transformation of the legal *status* of a stranger to the blood to that of a child in law, with the incidental rights of blood relationship. *In re Hughes Estate,* 225 *Pa. St.* 79; 73 *Atl. Rep.* 1061; *In re Lines Estate,* 221 *Pa. St.* 374; 70 *Atl. Rep.* 791; *In re Carroll Estate,* 219 *Pa. St.* 440; *Smith* v. *Allen,* 161 *N. Y.* 478; *Ferguson* v. *Jones (Oregon),* 3 *L. R. A.* 620; 1 *Cyc.* 932, and cases cited.

As a logical sequence of this cardinal doctrine, it has been determined that "no one who by law is entitled to the property as heir can be shut out from his inheritance by any act of the ancestor, unless such act amounts to a disposition of the property by will." *Tied. Real Prop.* 665, and cases cited.

The effect of these adjudications is to determine that the right of a child by adoption to inherit is entirely of statutory creation; that the right being in derogation of the common law must be strictly construed, and will be denied unless the act of adoption shall have been consummated in strict accordance with the statute.

The determination of this question makes it unnecessary to construe the will further than to settle the narrow inquiry presented in this issue, and from the conclusion we have reached upon the question of defendant's legal *status,* it is apparent that the defendant has not been constituted a legal heir by the language of the testator, and that the testator's sole surviving heirs-at-law at the time of his death were Sarah C. Dorsett, Mary E. Goble, Jeremiah Van Iderstine and Harvey Boyea.

The plaintiff's right to inherit, it must be apparent, receives its support not from the testamentary action or lapsus of the deceased, but from the fact that she possesses to the exclusion of the defendant the qualifications established by law, as one of the testator's sole surviving heirs-at-law.

We observe no force in the remaining contentions of the appellant, and conclude that the judgment appealed from should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 16.

*For reversal*—None.