## Hebhardt v. Anderson et al.

*Habeas corpus—Parent and child—Illegitimate child—Adoption—Right of mother to custody—Consent to adoption—Repudiation of consent by a minor.*

1. Adoption is a statutory right and there can be no legal adoption except by statutory method. Where an illegitimate child is placed by its mother with a welfare agency with a view to its adoption by others, but legal adoption has not been effected, the child belongs to its mother and she is entitled to its custody.

2. A mother who is herself a minor may revoke a consent to the adoption of her child by others and recover the possession of the child. Revocation of such consent will be implied from the commencement by the mother of *habeas corpus* proceedings.

*Habeas corpus.* C. P. Schuylkill Co., July T., 1925, No. 381.

*M. M. Burke, P. H. Burke* and *William E. Fisher,* for petitioner.

*M. A. Kelker,* for respondents.

KOCH, J., June 29, 1925.—The petitioner's purpose is to obtain custody of her child, Robert Hebhardt, who was born out of wedlock Feb. 11, 1924. The petitioner is not yet nineteen years old, is single and lives with her parents

Hebhardt *v.* Anderson 'et al.

in the City of Reading, Berks County. She and her parents are members of the Roman Catholic Church and said Robert was baptized in said city according to the rite of the Roman Catholic Church on March 19, 1924.

The respondents live in the Borough of Girardville, Schuylkill County, and are Methodists.

On July 1, 1924, petitioner, in writing signed by herself, petitioned the aid of The Children's Home Society of Pennsylvania, Incorporated, on behalf of said child, and on July 9, 1924, again addressed a similar petition to said society. Each of said petitions was addressed to the State Superintendent of the society. Rev. C. W. Karns is the said State Superintendent.

On July 10, 1924, petitioner signed for the said The Children's Home Society of Pennsylvania, Incorporated, her consent of adoption of said child in form as follows:

THE CHILDREN'S HOME SOCIETY OF PENNSYLVANIA
(Incorporated)

Consent to Adoption of Robert John            by Wilhelmina Mary Hebhardt.

Know All Men By These Presents, That Wilhelmina Mary Hebhardt and            , of Reading, Pa., being the mother of Robert John            , a child aged 5 months *years*, born Feb. 11, 1924, in lawful wedlock, do hereby relinquish all my right to the said child, and do hereby commit said child to the care and custody of the Children's Home Society of Pennsylvania; and do hereby consent that the said child may be legally adopted by such person or persons as may be chosen by the said Children's Home Society of Pennsylvania without any further notice to the undersigned.

Done at Reading this 10 day of July, 1924.

                                     (Signed)     WILHELMINA HEBHARDT.

Witnesses:
     JOHN H. ST. CLAIR.

[The word year, italicized above, was erased in consent to adoption.]

On July 10th, Miss Hebhardt executed a paper reading as follows:

THE CHILDREN'S HOME SOCIETY OF PENNSYLVANIA
(Incorporated)

Whereas, the undersigned, being the mother of a child named Robert John Hebhardt, born Feb. 11, 1924, is desirous that said child should receive the benefits and advantages offered to children by the Children's Home Society of Pennsylvania;

And, whereas, the "Children's Home Society of Pennsylvania," is willing to receive and provide for said child a Christian home, where said child will be loved, trained and educated, so as to be fitted for the requirements of life;

Now, therefore, Wilhelmina Mary Hebhardt, the undersigned, do hereby surrender said child to said "Children's Home Society of Pennsylvania," and do hereby relinquish all right and claim to said child, and do undertake and promise not to interfere in the management of said child in any respect whatsoever, or to visit said child without the consent, in writing, of the State Superintendent of said "Children's Home Society of Pennsylvania," or to ask or to receive any consideration for the services of said child, or to take said child from, or induce said child to leave, the family where said child may be placed by said "Children's Home Society of Pennsylvania."

The undersigned hereby consent that the said child may be legally adopted by such person or persons as may be chosen by said "Children's Home Society of Pennsylvania," without further notice to the undersigned.

Witness my hand and seal at Reading, this 10 day of July, 1924.

                              WILHELMINA HEBHARDT.      (Seal)

Witnesses:
     JOHN E. ST. CLAIR.

From the testimony of Miss Hebhardt, we find that the child was delivered into the custody of the said society about Aug. 2, 1924, through its branch office in Reading, and that on that day Miss Hebhardt paid $50 in advance to the society for the care of her child.

It seems that upon the date of the delivery of the child to the custody of the said society it was immediately transferred to the defendants under an agreement reading as follows:

THE CHILDREN'S HOME SOCIETY OF PENNSYLVANIA
(Incorporated)
Agreement of Placement

This Agreement Made, this 2nd day of August, A. D. 1924, in the State of Pennsylvania, between the Children's Home Society of Pennsylvania, party of the first part, and John W. Anderson and Margaret H., his wife, of Girardville, Pa., parties of the second part;

Witnesseth That, in consideration of the placement by the first party with said second parties of a certain male child named Robert J. Hebhardt and born on the 11 day of Feb., 1924, the said second parties jointly and severally agree to nurture, rear, support and care for said child in a Christian manner and give it an opportunity for an education suitable to their station in life;

And It Is Further Agreed, that if at any time hereafter said second parties, or either of them, shall fail to care for said child in the manner above agreed, all rights of said second parties in the child shall at once be at an end, and the first party may at its option retake him with all his clothing and acquired belongings wherever he may be, whether in this or any other state or nation;

And It Is Agreed, that said child shall not be given away to any third party without the written consent of the first party by the hand of the State Superintendent;

It Is Also Agreed, that said second parties, or either of them, shall, if they desire so to do, adopt said child, pursuant to the statutes for the adoption of children, providing they shall in all respects perform their part of this agreement, and the first party will in that event give written consent to such adoption;

And It Is Agreed, that in case of failure to adopt said child, at or after the expiration of ninety days on trial from the date hereof, then said child continuing in their custody and care shall be entitled to such interest in their estate, Real and personal, as though he were their own Natural child, and to carry out fully the conditions of Placements assented to in making application to the Society for a child;

And It Is Agreed, that, unless this agreement shall become void by mutual consent, or shall be so declared by the first party for cause, said child shall be permitted to enter, leave and enjoy the home of the second said parties as though he were their own natural child.

Witness, The Children's Home Society of Pennsylvania, by the hand of the State Superintendent and the corporate seal of the Society, and the hands and seals of the above named second parties at          this          day of          , A. D. 19     .

C. W. KARNS, State Superintendent.
JOHN W. ANDERSON, Husband.
MARGARET H., Wife.

Witness:
SOLOMON KLECKNER.

According to her oral testimony, Miss Hebhardt gave the baby up because she did not know any better; it was too much for her and she thought she could get the baby off her mind, but cannot do that. She made no stipulation as to where the child should go, and has no objections to where it is. But she demanded the return of the child the next week after its delivery to the society. She desires to have the baby brought up in the Catholic faith. She was not aware of its transfer to the defendants until about three months after it had been delivered to the society, and then she made demand on the defendants in Pottsville for the delivery of the child to her, having sent word to the Andersons to meet her there. She works steadily in a silk mill in Reading; earns an average of $20 a week the year round, as she did when the baby was born. She has a comfortable home with her parents and had her child at her parents' home; they knew that she was parting with it. If she gets the child into custody again, she intends to keep it at her parents' home. In her parents' home are her father, her mother, her married brother and wife, two sisters and herself. The brother, without any suggestion from

Hebhardt *v.* Anderson et al.

Miss Hebhardt, first went to see about committing the child to the society, but Miss Hebhardt was annoyed by her folks about the child, and for that reason gave it to the society. Miss Hebhardt's mother wrote to Miss Anna E. Weissflog, in charge of the society's Reading office, about having the child returned a week after it was given up. She says that they promised to return the child on the 2nd of last January, but were prevented by a big snow. Mrs. Hebhardt did not agree to the surrender of the child to the children's society, and she was taking the best care of it herself. Miss Weissflog came to the house and got it whilst its mother and Mrs. Hebhardt were there.

Mr. and Mrs. Anderson are married eighteen years. He is a miner and earns from $120 to $125 every two weeks. The family consists of only the husband, wife and the baby in question. She and her husband have become very much attached to the baby. She has no children of her own and never agreed to surrender this child to the mother or to anybody else. The Children's Home Society of Pennsylvania, Incorporated, has made no demand upon Mr. and Mrs. Anderson for the return of the baby, but Mr. Karns and Miss Weissflog saw Mrs. Anderson at Girardville and asked her to come to Reading to make some kind of an agreement. Neither the mother nor the grandmother or grandfather nor any of the kinfolk of this child have contributed anything to this child's support since the Andersons have had it. That has all been done by her and her husband. Miss Weissflog had written letters to Mrs. Anderson about having the child before they received it on Aug. 2, 1924. Miss Weissflog asked the Andersons to return the child if they wanted to, but the Andersons were not satisfied to do so, although they were promised another child in its place. The Andersons had the child baptized in the Methodist faith, having been asked by Miss Weissflog to do it. They did not know that the baby had been baptized before that. Mr. Anderson says he is not willing to surrender the child; that he has him ten months now and he does not know what he would do if the child goes away from him. He is forty-eight years old and has lived in Girardville thirty years. He refuses to return the child. He never saw its mother before he saw her in court on the day of the hearing in this case. Miss Weissflog testified that the Anderson home is very satisfactory and the Andersons did not promise to return the child.

The right of adoption does not exist at common law; it exists only by virtue of the statutes in such case made and provided: Ballard *v.* Ward, 89 Pa. 358; Peterson's Estate, 212 Pa. 453; Carroll's Estate, 219 Pa. 440; Goldstein *v.* Hammell, 236 Pa. 305, and Benson *v.* Nicholas, 246 Pa. 229.

At this time two methods for the adoption of minors are provided, one by petition to the Court of Common Pleas under the Act of May 4, 1855, P. L. 430, as amended by the Act of May 19, 1887, P. L. 125, and the other by deed as recognized by the Act of April 2, 1872, P. L. 31. A new act governing the matter was approved April 4, 1925, but it will not become effective until July 1st. It is Act No. 93.

In the case before us neither method was pursued, and, therefore, there has been no legal adoption of the child by the respondents. Consequently, the child still belongs to its mother. Miss Hebhardt's signed "Consent to adoption," dated July 10, 1924, in which she undertook to relinquish all her rights to the child and to commit it to the care and custody of the Children's Home Society of Pennsylvania, and also to consent "that the said child may be legally adopted by such person or persons as may be chosen by the said" society, is neither valid or of binding force and effect upon her. The law provides for no consent by proxy.

The other paper, dated July 10, 1924, which is signed and sealed by the mother of the infant, in which she undertook to surrender the child to said society, is also without binding force and effect. Miss Hebhardt may not authorize the society to consent for her without notice to her: Keeler's Adoption, 52 Pa. Superior Ct. 516: See, also, Letchock's Adoption, 1 D. & C. 223. But, in any event, both papers are voidable and revocable by her because she is a minor. And such revocation must be implied from the fact that she has commenced this proceeding.

And now, June 29, 1925, the custody of Robert Hebhardt is awarded to his mother, Wilhelmina Mary Hebhardt, and respondents are directed to pay the costs.

And now, June 29, 1925, the respondents are allowed an exception and bill is sealed.