[Civil No. 2438.   Filed July 30, 1925.]

[238 Pac. 387.]

JAMES M. SARGENT and DOROTHY R. SARGENT, Plaintiffs, v. THE SUPERIOR COURT OF PIMA COUNTY, STATE OF ARIZONA, and GERALD JONES, Judge of Said Court, Defendants.

ADOPTION—ORDER GIVING CUSTODY OF MINOR CHILD, TEMPORARILY COMMITTED TO PERSONS UNRELATED TO IT, TO FATHER, NOT APPEALABLE. Where petition for adoption of child was denied, and custody ordered to remain with petitioners until further order, subsequent order granting custody of child to father *held* not appealable, either under Civil Code of 1913, paragraph 1197, relating to appeals in adoption proceedings, since it is not "decree on any petition for adoption," or as proceeding in juvenile court, since, notwithstanding paragraphs 3562–3578, the two proceedings are different, and judge in juvenile proceedings must, under paragraph 3562, hold examinations in his chamber and keep separate record, and, since order is not appealable, court did not err in refusing to approve *supersedeas* bond.

See (1) 1 C. J., p. 1391.

Original proceedings in *mandamus*. Petition for Writ of *mandamus* denied.

Mr. John L. Van Buskirk and Messrs. Curley & Pattee, for Plaintiffs.

Appeals in adoption proceedings, see note in 39 **Am. St. Rep.** 222.

Mr. Josiah Ide and Mr. James D. Barry, for Defendants.

ROSS, J.—The plaintiffs have filed their complaint asking for a peremptory writ of *mandamus* against the defendant Hon. GERALD JONES, judge of the superior court of Pima county, commanding him forthwith to approve a *supersedeas* bond on appeal from an order made in an adoption proceeding.

We learn from the complaint that plaintiffs, on September 24, 1924, filed a petition with said court for leave to adopt Georgia Ozella Stewart, a three year old girl child; that thereafter, on October 15, 1924, a hearing was had upon such petition, at which the father of said child (the mother being dead) appeared and contested said petition, and objected to the proposed adoption of his child. Witnesses were sworn and testified on both sides, whereupon the court denied the petition of adoption, and ordered the custody of said child to remain with plaintiffs until the further order of the court; that thereafter the application of the father, Clyde E. Stewart, to have the above order of October 15th modified, giving him the custody of his child, came on to be heard, and on March 15, 1925, was denied, but that a renewed motion by the father for the same purpose was on June 30, 1925, granted, and the custody of the child given over to the father. The appeal is from this last order.

The question is whether the laws of this state specially enjoin upon the judge of a superior court the duty of accepting and approving a *supersedeas* bond on an appeal from an order of the court taking the custody and care of a minor child, temporarily committed to persons unrelated to it, from such persons, and giving its care and custody over to its natural guardian, the father. This involves, in the first place, a determination of the question whether

the statute gives an appeal from such an order. If the law gives no right of appeal from such an order, the court was right in refusing to accept or approve the appeal bond, whether it be a *supersedeas* or cost bond.

We do not think the order in question is an appealable order under the statute. An adoption proceeding is a statutory one, and is governed by the terms of the statute providing for it. 1 R. C. L. 598, §§ 6, 7; *Non-she-po* v. *Wa-win-ta*, 37 Or. 213, 82 Am. St. Rep. 749, 62 Pac. 15; *Carroll's Estate*, 219 Pa. 440, 123 Am. St. Rep. 673, 68 Atl. 1038. If our adoption statute were silent on the right of appeal, it is possible the general statute governing such right might be invoked in aid thereof, but the adoption statute is not silent. It provides from what and by whom an appeal may be taken, and, in effect, excludes the right of appeal in all other cases. Paragraph 1197, found in chapter 17, title 6, of Civil Code of 1913, entitled "Adoption," provides:

"Any petitioner, or any parent, guardian or other person having the custody of a child made the subject of an adoption proceeding, may appeal to the supreme court from a decree of the superior court on any petition, in like manner as in other appeals; and any child made the subject of such petition may, by next friend, appeal in like manner, but no bond shall be required or costs awarded against such child or next friend."

In the paragraphs preceding 1197, the legislature has provided the qualifications of one seeking to adopt a child, as also what children may be adopted, the method of obtaining jurisdiction by the court, and the proceedings upon the hearing of petition for leave to adopt.

In paragraph 1193, it is said:

"The judge . . . if satisfied that the interests of the child will be promoted by the adoption, he must make an order declaring that the child shall thence-

forth be regarded and treated in all respects as the child of the person adopting.''

The adoption under the statute is by decree, and has the permanent effect of transferring the natural rights of parents to another. When the adoption is permitted, the statute does not provide for any other form of order than the one quoted. The other alternative, of course, is an order refusing the prayer of the petitioners. If the plaintiffs' petition for leave to adopt had been allowed, the parent (Clyde E. Stewart) would have had the right of appeal. Since the petition was disallowed, we think, under the terms of the statute, plaintiffs, who were the petitioners in that proceeding, also might have appealed, but under another provision of the statute the appeal must have been taken within six months after the rendition of the decree denying the right of adoption (paragraph 1233, C. C.). This was not done, and there is no pretense that the appeal is from the order denying plaintiffs' petition for adoption. It is from the order of June 30th giving the child back to its father. As already observed, simultaneously with the order denying the petition for adoption the judge ordered that the child be left in the custody of plaintiffs until the further order of the court. Now, if it be conceded that the judge or court had jurisdiction in this kind of a proceeding to make such order, it would lack the elements of a decree in an adoption proceeding. In such a proceeding the object is not to obtain or hold temporary custody or guardianship of the child. The petitioners ask to make the child their own in name and in right, an equal with their natural offspring.

As the order of October 15th, leaving the child temporarily with plaintiffs, was not within the prayer of petition for adoption, neither was the order of June 30, 1925, restoring the child to its father. These orders were not ''decrees of the superior court on

any petition" for adoption, and therefore not appealable.

This, we think, is practically admitted by plaintiffs, but they say the order of June 30th should be regarded and treated as a juvenile court order. They would convert the proceeding from one for adoption to one in the juvenile court. While under the juvenile statutes it is provided that in proper cases and circumstances the child may be adopted (title 27, C. C. 1913), there is no such provision for committing the child as a dependent or neglected child under the adoption statute or proceedings.

The two proceedings are different, and are provided for by different statutes. They have for their purpose different objects, and jurisdiction of the child is obtained by different methods. In the juvenile proceeding the judge must hold examinations in his chamber, and keep a separate record thereof from all other proceedings of the court. Paragraph 3562, C. C.

In our opinion, the order appealed from was not an appealable order, and therefore the court very properly refused to accept and approve the tendered *supersedeas* bond.

The petition for writ of *mandamus* is denied.

McALISTER, C. J., and LOCKWOOD, J., concur.