# Ballard *versus* Ward.

1. No right to adopt a child exists at common law. In Pennsylvania the right is based upon the Act of May 4th 1855, which provides for adoption by decree of the Court of Common Pleas, and the Act of April 2d 1872, which provides for adoption by deed.

2. In 1863 W. agreed by deed to adopt his niece as his daughter. In 1870 W. died intestate. *Held*, that while the Act of 1872 was plainly intended to be retrospective, a proceeding under it could not divest the estate of the children of W. which had vested at his death.

3. Possession delivered or taken in pursuance of a parol gift is not sufficient to take it out of the operation of the Statute of Frauds; besides such possession there must be improvements not capable of compensation in damages.

March 10th 1879.    Before SHARSWOOD, C. J., GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.    MERCUR, J., did not sit.

Error to the Court of Common Pleas of *Bradford county*: Of January Term 1877, No. 64.

Ejectment by H. C. Ward, Henry Ward and Ellen Ward Miller against F. L. Ballard and Elizabeth his wife. It appeared from the evidence that in 1869, C. L. Ward bought the property in dispute from William Hoffman, for $3000, paying $1000 on account. In May 1870, he died intestate, leaving a widow, H. C. Ward and two children, Henry Ward and Ellen Ward Miller. Letters of administration were taken out by the widow, who paid the remaining $2000 on the property, and had the deed therefor made from Hoffman to herself and children.

The defendants claimed the property on the ground that it had been given to Mrs. Ballard by C. L. Ward who had adopted Mrs. Ballard,

[Ballard *v.* Ward.]

who was his niece, as his daughter, and that having been so adopted she was at least entitled to an undivided third of the property. It was shown that the defendants were put in possession of the house in 1869, and had remained therein ever since, and several witnesses were offered to prove that C. L. Ward had said he had given the house and land to Mrs. Ballard, and that she had taken possession and remained therein. This evidence was rejected, on the ground that it was an offer to prove a parol gift of real estate, without an offer to prove anything that would take it out of the Statute of Frauds. The defendants then gave in evidence the following letter :—

"Towanda, Aug. 25th.

"Dear Sir.—I have been absent from home for some time; and not being very well, I will go to the new Springs (Minnequa) near Canton, for a week—starting to-morrow, and remaining there over Sunday.

"I intended before I received yours of the 23d inst., to have gone over to Troy on the 1st day of September to meet you and draw up articles of agreement, and pay the first instalment of the purchase-money.

"I have called in some money due me from my settlers, to be paid into Pomeroy & Brothers on that day.

"I have no objection to Mrs. Ballard's taking possession at any time. Our understanding being so plainly in writing *you* would run no risk in letting her in. Be assured, the money will be ready on the day stated; and I will either meet you *then* at Troy or Elmira, as you prefer, or at Minnequa Springs any day before that, as I go there to-morrow (Thursday) night.

"Very truly, yours,

"C. L. WARD.

"W. HOFFMAN, Esq., Elmira."

And the following writing under seal :—

"I hereby offer to her father, Charles H. Ward, in regard to my niece, Elizabeth, and bind myself to fulfil the proposition in every respect: that I will adopt her as a daughter, educate, clothe and maintain her suitably and well; in sickness and in health, and assume in respect to her all the duties and liabilities in regard to such clothing, education and maintenance, releasing and relieving him from all such responsibility under all circumstances that may arise. I will also, at my own discretion and judgment, in case she should marry, make her a suitable and respectable outfit in life, and in all respects guard and protect her as fully as a natural parent would be bound to do. I am to have the advisory place and power in regard to her studies and the length of time necessary for her to remain at school, which is to be not less than one year. She is to

[Ballard *v.* Ward.]

be at liberty during her minority to visit the home of her natural parents agreeably to her own choice in the premises.

Witness my hand and seal, if accepted, August 11th 1863.

C. L. WARD." [SEAL.]

In presence of    }
A. McWILLIAM.  }

" I hereby give my consent to the proposition here made, and desire the same may be carried into effect.

Witness my hand and seal, the 11th August 1863.

CHAS. H. WARD." [SEAL.]

In presence of    }
A. McWILLIAM.  }

The court also rejected offers to prove by parol that Mrs. Ballard from the date of this deed had been treated by Mr. Ward as his daughter.

In the general charge, the court, Morrow, P. J., inter alia, said : "It (the evidence) all shows a parol gift with but a single act on the part of the defendant, to wit : taking possession. This is not enough to give them the character of purchasers, and unless they have that character there could be no decree for a conveyance. * * * With regard to Mrs. Ballard's heirship : 1st. I am unable to see how Mr. Ward could impart to his niece inheritable blood by deed, so as to make her capable in law of inheriting his property as a natural child. 2. The alleged deed is but a proposition to adopt, followed by an agreement for maintenance, &c., and it was to that proposition her father assented, and I think it was not an act of adoption."

The court then directed a verdict for plaintiffs. Defendant assigned for error the rejection of the offers of evidence and the foregoing portions of the charge.

*James O. Parker, E. B. Parsons* and *J. W. Maynard*, for plaintiffs in error.—There is no question as to the power of the legislature to provide by statute for the adoption of children. This power carries with it the right to prescribe the method of adoption, the effect of such adoption, and what shall be sufficient evidence of the fact. Very many of the states in the exercise of this right, have passed such laws. Pennsylvania is among the number. Her statute prescribes two ways in which one may adopt a child : Purd. Dig. p. 61-2. 1st. By Act of 4th May 1855, by presenting his petition in the proper court of the county where he may reside, &c. " Of which the record of the court shall be sufficient evidence." And thereupon such child shall then "have all the rights of a child and heir of such adopting parent, and be subject to the duties of such child." 2d. By supplement of April 2d 1872, by deed in common-law form ; that is, under the hand and seal of him who

[Ballard v. Ward.]

adopts, said deed to be recorded. And "a duly certified copy thereof shall be received in evidence, with the same force and effect as the record of adoption would have in the mode provided in the act to which this is a supplement."

We contend, that the deed of adoption in this case, under the Act of 1872, invested Mrs. Ballard with all the rights of a daughter, and entitled her to an undivided third of the property.

The evidence offered was sufficient to take the case out of the Statute of Frauds: McFarson's Appeal, 1 Jones 503; Lowry v. Mehaffy, 10 Watts 387; Wilson v. Clarke, 1 W. & S. 554–8; Tripp v. Bishop, 6 P. F. Smith 424; Johnston v. Cowan, 9 Id. 275; Ackerman v. Fisher, 7 Id. 457; Syler v. Eckhart, 1 Binn. 378; McKee v. Phillips, 9 Watts 85; Lee v. Lee, 9 Barr 169; Pugh v. Good, 3 W. & S. 56; Moore v. Small, 7 Harris 461.

*Delos Rockwell, Elliott Smith, Patrick Davies* and *B. S. Bentley,* for defendants in error.—The parol gift can receive no aid from the Act of April 2d 1872. Mr. Ward died May 14th 1870. The law then cast upon his heirs all their legal rights of inheritance. Those rights, whatever they were, became vested, and any attempt on the part of the legislature to affect such rights, would be unconstitutional and nugatory: Underwood v. Lilly, 10 S. & R. 101; Shonk v. Brown, 11 P. F. Smith 327.

To take a parol gift of lands out of the statute, requires "the clearest evidence of a present gift, accompanied by exclusive possession and valuable improvements not to be compensated in damages:" Hugus v. Walker, 2 Jones 173; Miller v. Hartle, 3 P. F. Smith, 111; Stewart v. Stewart, 3 Watts 253; Moore v. Small, 7 Harris 461.

Chief Justice SHARSWOOD delivered the opinion of the court, March 24th 1879.

Adoption in the Roman law was an act by which a person undertook to rear the child of another, and appoint such child as his heir. The Eleventh Title of the first book of the Institutes of Justinian is "De Adoptionibus," and the first placitum of that title declares that "adoption is made two ways, either by imperial rescript or authority of the magistrate. The imperial rescript empowers us to adopt persons of either sex who are *sui juris,* and this species of adoption is called arrogation. But it is by the authority of the magistrate that we adopt persons actually under the power of their parents or grandparents." Before the times of the empire, arrogation was authorized only by a vote of the people, and ordinary adoption by an edict of the prætor: Encycl. Univ. ad verbum.

It is evident that, even according to this system, some special authority of law was necessary to constitute an adoption. So also by the Code Napoleon, it can only be effected by the intervention

[Ballard *v.* Ward.]

of the judge: Code Civil, liv. 1, tit. viii., sec. 2. It never was in the power of an individual, by the common law of England or this state, to adopt the child of another as his own until the Act of Assembly of May 4th 1855, Pamph. L. 430, by the seventh section of which it was authorized by the decree of the Court of Common Pleas of the county where the person desirous of adopting such child may be resident. The plaintiff in error, Mrs. Ballard, was not adopted by Mr. Ward according to the provisions of this act. He died on the 14th May 1870, and the premises immediately descended to his two children, the defendants in error. An Act of Assembly was subsequently passed, April 2d 1872, Pamph. L. 31, which declared " that in all cases heretofore, as well as hereafter, where the common-law form of adopting a child by deed has been practised or done, it shall be lawful, on proof of due execution of the deed, to have the same recorded in the proper office for the recording of deeds, in the county where the adopting parent resides at the date of its execution; and a duly certified copy thereof shall be received in evidence, with the same force and effect as the record of adoption would have in the mode provided in the act to which this is a supplement." This act was plainly intended to be retrospective, and whatever might have been its operation in giving effect to the instrument of August 11th 1863, assuming that to have been " the common-law form of adopting a child by deed," it is too plain for argument that a proceeding under it could not divest the estate of the defendants in error, which had vested by the death of their father: Shonk *v.* Brown, 11 P. F. Smith 320.

As to the alleged parol gift by Mr. Ward to Mrs. Ballard, there was nothing to take it out of the Statute of Frauds. Possession delivered or taken in pursuance of it was clearly insufficient under all the cases. Besides such possession, there must be improvements not capable of compensation in damages: Stewart *v.* Stewart, 3 Watts 253; Moore *v.* Small, 7 Harris 461; Miller *v.* Hartle, 3 P. F. Smith 108. The letter of Mr. Ward to Mr. Hoffman, dated August 25th, was no memorandum in writing of a gift, but merely declared that he had no objection to Mrs. Ballard's taking possession at any time Apart from the parol evidence, it tended to prove nothing beyond its terms.

Judgment affirmed.