## Brown's Adoption.

*Parent and child—Adoption—Revocation of adoption—Temporary resident —Act of May 4, 1855, P. L. 430.*

While the statutes authorizing adoption are in derogation of the common law, and for this reason are, in some respects, to be strictly construed, yet their construction should not be narrowed so closely as to defeat the legislative intent which may be made obvious by their terms, and by the mischief to be remedied by their enactment.

The word "resident" as used in the Act of May 4, 1855, P. L. 430, includes both permanent and temporary residence in the commonwealth.

Where a man adopts a child and subsequently marries, and thereafter dies, his widow in the capacity of guardian of a child born nineteen years after the decree, has no standing, twenty-one years after the decree and a year and one half after the death of the husband, to maintain a petition to revoke the decree of adoption, on the ground that the record of the adoption proceedings described the decedent as "of Brooklyn, New York," without showing that he was at the time a temporary resident of Pennsylvania.

Argued Dec. 10, 1903. Appeal, No. 213, Oct. T., 1903, by Margaret Isabella Brown, from decree of C. P. Lehigh Co., June T., 1903, No. 40, dismissing petition to revoke adoption

in the matter of Margaret Isabella Brown.   Before RICE, P. J.,
BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDER-
SON, JJ.   Affirmed.

Petition to revoke adoption.

The entire record of the adoption proceedings was as fol-
lows :

" The petition of John Brown, of Brooklyn, New York, re-
spectfully represents : That he is desirous of adopting Margaret
Isabella Abbott, a child of John A. Abbott and Margaret Janet
Abbott, now deceased, as one of his heirs and for that purpose
he hereby declares his said desire, and also that he will perform
all the duties of a parent to the said Margaret Isabella Abbott.
The petitioner therefore prays the court, if satisfied that the
welfare of the said Margaret Isabella Abbott will be promoted
by such adoption, with the consent of the said John A. Abbott
evidenced by his signature to this petition, decree that the said
Margaret Isabella Abbott may assume the name of the peti-
tioner, namely Margaret Janet Isabella Abbott Brown, and have
all the rights of a child and heir of the petitioner, and be sub-
ject to the duties of a child, and I will, etc.

(Signed)   " JOHN BROWN.<br>(Signed)   " JOHN A. ABBOTT."

" Lehigh county, ss.   John Brown being duly sworn accord-
ing to law doth depose and say that the facts in the foregoing
petition set forth are true.

(Signed)   " JOHN BROWN."

Indorsed.

" November Term, 1881.   In the matter of the adoption of
Margaret Isabella Abbott.   Now November 18, 1881, the above
petition being considered and the court being satisfied on due
consideration that the welfare of the said Margaret Isabella
Abbott will be promoted by being adopted as a child and heir
of John Brown, and with the consent of the said John A. Ab-
bott, decree that the said child shall assume the name of Mar-
garet Janet Isabella Abbott Brown, and have all the rights of
a child and heir of the said John Brown, and be subject to the
duties of a child.   By the court.

" EDWIN ALBRIGHT, P. J."

The petitioner averred that as John Brown stated in his petition that he was a resident of Brooklyn, the court had no jurisdiction to make the order.

The court dismissed the petition.

*Error assigned* was order dismissing petition.

*Frank Jacobs*, with him *T. C. Campbell*, for appellant.—Adoption proceedings being of purely statutory origin must be strictly followed and every requirement of the law must be fulfilled: Ex parte Clark, 87 Cal. 638 (25 Pac. Repr. 967); Ex parte Chambers, 80 Cal. 216 (22 Pac. Repr. 138); Furgeson v. Jones, 17 Ore. 204 (20 Pac. Repr. 842); Tyler v. Reynolds, 53 Ia. 146 (4 N. W. Repr. 902); Shearer v. Weaver, 56 Ia. 578 (9 N. W. Repr. 904); Long v. Hewitt, 44 Ia. 363; Keigan v. Geraghty, 101 Ill. 27; Foster v. Waterman, 124 Mass. 592; Morris v. Dooley, 59 Ark. 483 (28 S. W. Repr. 30, 430); Foley v. Foley, 61 Ill. App. 577; Vandermis v. Gilbert, 10 Pa. Superior Ct. 570; Gilmer v. Lime Point, 19 Cal. 47; Central Pac. R. R. Co. v. Pearson, 35 Cal. 247; Thatcher v. Powell, 19 U. S. 119; Freeman v. Strong, 6 Dana, 283.

The legislature of Pennsylvania has itself practically construed the statute of 1855, by adopting a statute July 2, 1901, providing that a parent residing in Pennsylvania may petition the court for a person residing in another state to assume the relation of adopting parent, etc. If the contention now made in the case at bar is correct, the act of July 2, 1901, supra, is wholly unnecessary.

Order of adoption was revoked or vacated in the following cases: In re Gatjkowski, 12 Pa. C. C. Rep. 191; In re Daniel Blair, Jr., 11 W. N. C. 239; Sleep's Adoption, 6 Pa. Dist. Rep. 256.

*C. A. Groman*, with him *Clarence D. Cruikshank*, for appellee.—The record shows that John Brown was at least temporarily a resident of the state of Pennsylvania, joined in the petition, signed the affidavit attached thereto, while in Lehigh county, Pennsylvania, invoked the jurisdiction of the court below, and by doing so, brought himself within the provisions of the act of May 4, 1855: Putney v. Cathers, 7 Pitts. L. J.

164; Brown v. Webber, 60 Mass. 560; Cleveland v. Welsh, 4 Mass. 591; Trumbull v. Moss, 28 Conn. 253; Tazewell County v. Davenport, 40 Ill. 197; Nagle v. Nagle, 3 Grant, 155.

OPINION BY RICE, P. J., May 19, 1904:

The decree in the adoption of Margaret Isabella Abbott by her uncle John Brown was made in November, 1881. Eleven months afterwards John Brown married. Twenty-one years after the decree, and a year and a half after the death of John Brown, his widow, in the capacity of guardian of their minor child born nineteen years after the decree, petitioned the court to revoke the decree which he had procured to be made, and which neither he nor the adopted child nor any one else attempted to have reversed or set aside in his lifetime. In her petition the guardian alleged that John Brown at the date of his petition, " was a resident of the city of Brooklyn, state of New York, and at no time before or after resided in the county of Lehigh, state of Pennsylvania." On the other hand the respondent Margaret Isabella Brown alleged in her answer that the petition for adoption " was presented in good faith by the said John Brown, while temporarily a resident of Lehigh county, Pennsylvania, where his mother and sister at the time and shortly prior to the date of the adoption, were residents, and had been for a number of years." The respondent, then four years old, was also resident in that county.

It never was in the power of an individual by the common law of England or this state, to adopt the child of another as his until the act of assembly of May 4, 1855, P. L. 430, by the seventh section of which it was authorized by the decree of the court of common pleas of the county where the person desirous of adopting such child may be resident : Ballard v. Ward, 89 Pa. 358. " While the statutes authorizing adoption are in derogation of the common law, and for this reason are, in some respects, to be strictly construed, yet their construction should not be narrowed so closely as to defeat the legislative intent which may be made obvious by their terms, and by the mischief to be remedied by their enactment:" 1 Am. & Eng. Ency. of L. (2d ed.) 728. Hence, it has been authoritatively decided in this state that the word " resident " as used in the act of 1855 includes both permanent and tem-

porary residence in the commonwealth. Upon this subject Judge CUMMIN, whose opinion was adopted by the Supreme Court, said, " The purpose of our adoption act is to promote the welfare of the child to be adopted, and any one desirous of adopting a child may invoke the power of the court of the county in which he or she may reside. It does not require that the petitioner shall be a citizen, a freeholder, or an inhabitant, nor does it require that he shall reside any certain length of time. It does not say that he shall be a permanent resident, which has been held to be synonymous with inhabitant, nor that he may be a temporary resident which has been held synonymous with a sojourner. After a careful examination of all the authorities cited (they are too numerous to be classified or referred to here), I am of opinion that the word resident, as used in the act of May 4, 1855, includes both a permanent and a temporary resident, and the jurisdiction of the court is therefore sufficiently set forth in the petition :" Wolf's Appeal, 22 W. N. C. 93. The averment of the petition in that case as to the residence of the petitioner was that he " is now living and a resident of the city and county of San Francisco, in the state of California, and that he is now a temporary resident at Williamsport, in the county aforesaid, and as such resident he is desirous of adopting," etc. See also upon this subject Van Matre v. Sankey, 148 Ill. 536 (36 N. E. Repr. 628), where the same decree of adoption was brought in question.

But it may be argued, and in effect is argued, by appellant's counsel that the decree of adoption under consideration was absolutely void for want of jurisdiction, and that, as this appears by the record of that proceeding, it was the duty of the court to make absolute the rule to show cause and revoke the decree, notwithstanding the long lapse of time in which it had been acquiesced in by all parties interested. Pursuing the argument to its logical conclusion it would compel a revocation of the decree, even though as matter of fact John Brown was a temporary resident of the county at the time it was made. This argument is based on the assumption that his petition shows affirmatively that he was a resident of Brooklyn, in the city of New York and had not a residence of any kind in the county of Lehigh. We cannot give full assent to this proposition. The petition begins as follows : " The petition of John

Brown of Brooklyn, New York, respectfully represents," etc. This ambiguous expression may mean what counsel contends for, namely, that his permanent residence was in Brooklyn, but it does not absolutely preclude the idea that he was temporarily resident in Lehigh county. Its force as a conclusive admission that he had no residence of any kind in Lehigh county is broken by the fact that the affidavit attached to the petition was made before the prothonotary of that county, thus showing, at least, that he was temporarily within the jurisdiction of the court. While, therefore, the petition does not show conclusively that he had not even a temporary residence in Lehigh county, it must be conceded that it does not show affirmatively that he had, and in this particular the case differs from Wolfe's Appeal, supra. Unquestionably the petition was defective in not averring distinctly that the petitioner had a residence of some kind in that county, and if the case were before us upon appeal, taken within the statutory period by some one having authority to appeal, it is probable that the decree would be reversed: Vandermis v. Gilbert, 10 Pa. Superior Ct. 570. In that case application to revoke the decree was made on behalf of the adopted child by his maternal grandmother, both of his parents being dead. It was made within two months after the decree was made and the appeal was taken to this court within six months, the statutory period for appealing, after it was made. It was an admitted fact that at the date of the decree the father of the child, who had given his consent to the adoption was dead, and as we have seen there was no delay in moving. We apprehend, however, that if the application to revoke the decree had been made twenty years after, by the adopting parent, a different result would have been reached. The distinctions between that case and the present are so apparent that no elaboration is necessary. It has been well said, that it requires more than mere irregularities to annul the relationship when entered into with honesty of purpose, especially when lived up to for many years and severed only by the hand of death: 1 Cyc. of Law & Proc. 929. To hold that a decree of adoption is absolutely void and will be stricken off on motion of the adopting parent or of his next of kin, no matter what length of time has elapsed in which it has been acquiesced in by him and relied on by the adopted child, merely

because the petition does not clearly and distinctly show that the petitioner was resident in the county, is farther than we are disposed to go, or are required to go by any authoritative decision that has come to our notice. In the circumstances to which we have alluded, and upon such a motion, every presumption which the law permits in favor of the validity of the judgments and decrees of common-law courts of record of general jurisdiction, having statutory jurisdiction of the subject matter, as against one who invoked the exercise of that jurisdiction or one who stands in no better position ought to be applied. Granting for a moment that the appellant had standing to make the ·motion, the presumption in the first instance is, " that the court had jurisdiction, unless it is apparent from the act itself that the court could not have had jurisdiction in any contingency, or unless the statute empowering the court to act requires the record to affirmatively show, precedent to its decree, some fact which it fails to show." The foregoing quotation is taken from Barnard v. Barnard, 119 Ill. 92 (8 N. E. Repr. 320), where a decree of adoption was collaterally attacked upon the ground that the petition therefor did not affirmatively show that the petitioner was a resident of the county. If, as we think is warrantable, it is to be presumed in this form of proceeding and after this lapse of time that the petitioner, John Brown, had a temporary residence in Lehigh county, and if it be also conceded that owing to the indefiniteness of the record this was a disputable presumption which might be overcome by proof, still the order must be affirmed, because the proof goes no further than to establish the fact that his permanent residence was in Brooklyn. Presumably he did not intend to perpetrate a fraud on the court and the adopted child. His act in presenting his petition to the court of Lehigh county, and his conduct afterwards, were in entire harmony with the presumption that he had such residence there as gave the court jurisdiction, and this presumption ought to stand until overcome by the clearest and most convincing proof.

There is another view to be taken of the case. It was held in Wolfe's Appeal that the next of kin of the adopting father had not standing to move for the revocation of the decree which had remained unquestioned for eleven years. This was

put upon the ground that he invoked the jurisdiction of the court; he asked that the decree of adoption be made; he got what he desired, and would not, after that lapse of time, be allowed to question the means he set in motion. If any wrong was done he did it, " and neither he nor those who claim under him can be permitted to take advantage of his wrong to the prejudice of an innocent party." This principle is applicable here for stronger reasons.

From whatever standpoint the case is viewed the court was clearly right in refusing to revoke the decree.

Order affirmed and appeal dismissed at the costs of the appellant.