## Darlington's Adoption.

*Parent and child—Adoption—Revocation of decree—Abandonment of child—Act of April 22, 1905, P. L. 297.*

Where a child one year of age is delivered by the public authorities to a man and wife, and they support and maintain it and assume the duties of parents to it, in the belief that its own parents were dead, and seven years thereafter in habeas corpus proceedings instituted by the mother of the child, the court judicially commits the child to the couple who had it before, "as destitute, homeless, abandoned or dependent on the public," and thereafter the man and wife adopt the child with the consent of the public authorities, and the father of the child, the decree of adoption will not be revoked three years later at the instance of the mother whose whereabouts could not be ascertained when the child was adopted; and especially is this the case where it is charged in the answer to the petition to revoke, that the mother was not a proper person to entrust with the care of the child, and the record does not show any denial or explanation of such averment.

Argued Dec. 5, 1917. Appeal, No. 314, Oct. T., 1917, by Elizabeth Darlington, from order of C. P. Schuylkill Co., Jan. T., 1915, No. 314, refusing to revoke a decree of adoption In re Petition of William Faust and his wife, Louella Faust, for the adoption of Gustavius Darlington, a minor child of Dr. Gustav Darlington and his wife, Elizabeth Darlington. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Petition to revoke the adoption of a child. Before BECHTEL, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court.

*E. D. Smith* and *William A. Carr*, for appellant.—The appellant contends that Keeler's Adoption, 52 Pa. Superior Ct. 516, rules the case at bar.

*R. P. Swank*, for appellees.—Adoption of minor child may be decreed without consent of parents who have neglected child for one year: Stamm's Adoption, 27 Lanc. 17; Rhoades' Case, 42 Pa. C. C. R. 239; Breakiron's Adoption, 43 Pa. C. C. R. 419.

OPINION BY ORLADY, P. J., March 2, 1918:

This is an appeal from an order refusing to vacate a decree of adoption of a minor child, the admitted facts being as follows:

Gustav D. Darlington and Elizabeth Darlington, his wife, are the parents of a son born April 5, 1906. When less than three months old, the child was placed by the parents in the care of a Mrs. Melden, in Philadelphia, with whom it remained until July, 1907. Soon thereafter the parents separated and the child was on August 10, 1907, taken by the police authorities of the city to the Philadelphia hospital, with the information that the parents could not be found, and that Mrs. Melden was unable to care for it. Under the supervision of the social service division of the Department of Health and Charities of the city, the child was given into the custody of Mr. and Mrs. Faust, of Delano, Schuylkill County, Pennsylvania, and by them exclusively supported, maintained and educated in their home for six years, they performing all the duties of parents to the child, in the belief that his parents were dead.

In 1914, at the instance of the mother, a writ of habeas corpus was issued from the Municipal Court of Philadel-

phia, Domestic Relations Department, in response to which writ, Mr. and Mrs. Faust produced the child in court. After a full hearing in which the mother, and Mr. and Mrs. Faust were heard in person and by counsel, the court, on November 18, 1914, ordered and decreed that the child be remanded to the custody of the chief probation officer, of the domestic relations division, of the Municipal Court, with instructions to return the child to Mrs. Louella Faust until the further order of the court. No appeal was taken from this judgment of the Municipal Court, and the child continued in the custody of William Faust and wife.

On December 21, 1914, the petition of William Faust and wife was presented to the Court of Common Pleas of Schuylkill County, praying for the adoption of the child, reciting all the facts above stated, and that the court order and decree that the minor child assume the name of Charles Frederick Faust, and have all the rights of a child and heir of the petitioners, and be subject of the duties of such child as provided by the Act of April 22, 1905. Attached to the petition was a certificate, averring that the facts therein recited were true, and recommending that the prayer of the petitioners be granted, signed by the president judge of the Municipal Court, the assistant district attorney of the Municipal Court, the chief probation officer of the domestic relations division of the Municipal Court, George W. Hoffman, a next friend, with the written consent to the adoption of the child by the father. The whereabouts of the mother could not be ascertained, and her consent was not obtained in writing.

The decree of adoption recites that the Municipal Court had on November 18, 1914,—judicially committed the said child to the care of petitioners as having been destitute, homeless, abandoned and dependent on the public, and that the petitioners had during more than six years exclusively paid all expenses incurred in the support, maintenance and education of the child. Three

years later, in 1917, the petition of the mother was presented to the Court of Common Pleas of Schuylkill County, praying for a revocation of the order of adoption above mentioned. The reasons urged being, that the original petition failed to show, the consent of both parents, or, that the child had been judicially committed to the care of any person or corporation.

In an opinion which justifies the conclusion reached, the court discharged the rule at the cost of the petitioner, who now presents this appeal for our consideration.

The act contemplates a proceeding in court after all parties interested have had due notice, and who are to satisfy the court that the welfare of the child will be promoted by such adoption. These statutes are in derogation of the common law, yet their construction should not be narrowed so close as to defeat the legislative intent; Brown's Adoption, 25 Pa. Superior Ct. 259, in which case we refused to disturb a decree of adoption for reasons particularly set out in the opinion by Rice, P. J. In Keeler's Adoption, 52 Pa. Superior Ct. 516, we sustained the vacation of a decree of adoption for the reason that the petitioner suppressed facts, which if known by the court would have prevented the decree. If the statutory conditions do not exist, the court has no jurisdiction to make a decree of adoption: Bastin's Adoption, 10 Pa. Superior Ct. 570.

The facts in this case present an entirely different question from any in which the consent of parents has been deemed essential. The Act of April 22, 1905, P. L. 297, which amended the Act of May 19, 1887, P. L. 125, provides, inter alia,—"Such court, if satisfied that the welfare of such child will be promoted by such adoption, may, with the consent of the parents, or surviving parent of such child; or, if such child shall have been judicially committed to the care of any person or corporation, as destitute, homeless, abandoned, or dependent on the public, or having no parental care; or, if the father or mother, from drunkenness, profligacy or other

cause, shall have neglected or refused to provide for such child for the period of one year or upwards, proven to the satisfaction of the court, then with the consent of the nonneglecting father or mother alone.

It is apparent from the incomplete record before us, that William Faust and wife made full disclosure of all material facts, without any attempt to suppress anything. The Municipal Court of Philadelphia, the police authorities and the organized charities boards, having knowledge of all the particulars, joined in the recommendation for the adoption of this child.

The judicial committal of this child by the Municipal Court to the care of William Faust and wife, as destitute, homeless, abandoned or dependent on the public, having no parental care, was as sufficient an averment, followed by competent proof under the statute, to give the Municipal Court jurisdiction, as if the written consent of both parents had been given. The statutory requirements were fully complied with, and the petitioner made no move for an appeal from that decree made in 1914, or for a rehearing of the case until 1917, so that she was conclusively bound by it.

There can be no question of doubt as to the power and duty of the police authorities of Philadelphia to place a helpless and abandoned babe in the custody of the Philadelphia hospital, so as to become a ward of the Children's Aid Society of the city. Nor is it challenged that the Municipal Court, had jurisdiction to issue the writ of habeas corpus to determine the validity of the custody of this babe, and to make a decree either discharging it from that custody, or such other order as might be deemed proper under the circumstances.

It is distinctly averred in the answer, that "the petitioner is not a proper person to be entrusted with the maintenance, education and support of said child; that she does not seek the possession of the child for his welfare, but to obtain some special advantage for her own benefit," and we have no denial or explanation of this im-

portant fact, as appellant does not print the record of the proceeding in the Municipal Court, or of that submitted to the court on the hearing of this rule, when it was found, as stated in the opinion, that "the child was an abandoned, neglected child when the Municipal Court made the order directing it to the custody of its chief probation officer for transmission to William Faust and wife," and adopted as binding the finding and decree of the Municipal Court, to reverse which, it was without authority to do.

The order of the Municipal Court was "until further order of the court" and no effort having been made for a further hearing, it stands as a final decree of a court having jurisdiction over the subject-matter and the person. And, as rightly stated by the court below, "For us to revoke our judgment and the order of adoption, upon the ground that we had no jurisdiction, would be to revoke the order of the Municipal Court of the City of Philadelphia, and decide that it was without jurisdiction when it assumed control of the person of this minor. We do not think that we have any such authority vested in us. We are not an appellate court. On the face of this record, we see no reason, as it now stands to revoke the order of adoption," to which we can only add, that there is nothing apparent on the record as here presented to warrant this court in reversing the order so made.

The decree is affirmed.