# Thompson's Adoption.

*Parent and child—Adoption—Jurisdiction of courts—Common pleas—Orphans' court—Legislative power over adoption—Constitutional law—Uniform laws for courts—Acts of May 4, 1855, P. L. 430, and April 4, 1925, P. L. 127.*

1. The subject of adoption is in the hands of the legislature.

2. Prior to the Act of May 4, 1855, P. L. 430, there was no legal procedure for adoption in Pennsylvania.

3. The Act of 1855, did not designate what courts, as between the common pleas and orphans' courts, should have jurisdiction over adoption, but it was judicially decided that, under this statute, such jurisdiction was lodged in the courts of common pleas.

4. Under the Act of April 4, 1925, P. L. 127, the orphans' court of the county in which the adopting persons reside has jurisdiction of the adoption proceedings, although the person to be adopted may reside in another county.

5. There is nothing in section 26 of article V of the Constitution of Pennsylvania, requiring uniform laws for the courts, or in any other part of the Constitution, or in any principle of law, which forbids the legislature to designate the orphans' court of the county wherein the petitioner resides as the tribunal in which to present a petition for adoption, although the person to be adopted may reside in another county. McQuiston's Adoption, 238 Pa. 304, explained and distinguished.

6. The judges of the orphans' court, like those of the courts of common pleas are officials whose jurisdiction extends over the State, so that the particular courts to which such judges may be elected are not necessarily restricted to persons and matters belonging exclusively to the county in which they are located.

Argued September 28, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 113, March T., 1927, by Jacob Heasley and May Heasley, from decree of O. C. Allegheny Co., June T., 1926, No. 815, dismissing petition for adoption in the matter of the adoption of Donald Eugene Thompson. Reversed.

Petition for adoption.  Before MILLER, P. J., TRIMBLE and MITCHELL, JJ.

The opinion of the Supreme Court states the facts.

Petition dismissed in opinion by TRIMBLE, J.  The petitioners appealed.

*Error assigned* was decree quoting record.

*John M. Walker,* with him *Louis M. Fushan,* for appellant, cited: McQuiston's Adoption, 238 Pa. 304, 312.

No printed brief for appellee.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, November 28, 1927:

Jacob Heasley and May Heasley, his wife, petitioned the Orphans' Court of Allegheny County for leave to adopt Donald Eugene Thompson, a minor child; their prayer was refused and this appeal followed.

The petitioners, citizens of Pennsylvania, reside in Allegheny County.  The minor was born April 13, 1926, in Armstrong County, and resided there with his mother, grandmother and step-grandfather at the time of the adoption proceedings.  The parents of this child and also his grandmother joined in the petition for his adoption, and the minor himself was present in court at the time of the hearing thereon.  After this hearing, on consideration of the testimony there taken, the court below found that the welfare of the child would be promoted by allowing the adoption, but refused the petition on the ground that, since the minor was a resident of Armstrong County, the courts of Allegheny County had no jurisdiction.

The Act of April 4, 1925, P. L. 127, provides that, "it shall be lawful for any adult citizen of this Commonwealth, residing therein, desirous of adopting any person......as his or her heir, or as one of his or her heirs, to present his or her petition to the orphans' court......

of the county where he or she may be resident"; but the
court below thought that, notwithstanding the above-
quoted provision, certain declarations as to the law
(which will presently be more fully stated), made by us
in McQuiston's Adoption, 238 Pa. 304, 310, 311, had the
effect of depriving it of jurisdiction.

In the McQuiston Case, we ruled that the provision
contained in the seventh section of the Act of May 4,
1855, P. L. 430, "that it shall be lawful for any person
desirous of adopting any child to present his or her peti-
tion to such court.in the county where he or she may be
resident" (which, to the extent quoted, is similar to the
Act of 1925, now before us, except that this later
statute contains "orphans' court" instead of "such
court"), was merely directory, and that an application
to the court of the county where the minor resided, in-
stead of to that of the residence of the petitioner, would
not, after a lapse of twenty years, be declared invalid
for lack of jurisdiction in the tribunal which had de-
creed the adoption; but in the course of our opinion (at
the bottom of page 310), we said: "If [the petitioner]
must resort to the court of the county in which he re-
sides, he is necessarily limited in his choice to the chil-
dren in that particular county, for the jurisdiction of
that court is confined to children residing therein," add-
ing, "The court of [the] county where [the petitioner]
resided could not have conferred the right of adoption
......because the child to be affected by the adoption
was domiciled in [another] county and was the ward of
the court of that county." This is what the court below
thought might deprive it of jurisdiction in the present
case.

If the matter above quoted be viewed apart from the
rest of the opinion in the McQuiston Case, it would seem
to hold that, where the petitioner and the minor live in
different counties, the court of the county wherein the
petitioner resides cannot have jurisdiction of proceed-
ings for adoption, and the court of the county wherein

the minor resides must have exclusive jurisdiction.
When the opinion is read as a whole, however, the part
in question appears, not as a judicial ruling, but as mere
discussion on the point of whether or not certain words
in the Act of 1855 were mandatory or merely directory.
In order to show that the statutory language under con-
sideration could not have been intended in the former
sense, the Justice who wrote the opinion presented a
hypothetical argument to illustrate his thought, in the
course of which the passage quoted above appears; it is
merely part of a chain of reasoning used by the opinion
writer in that case to sustain an argumentative position,
taken by him in construing the statute, and by no means
a ruling by this court that, despite the plain words of an
Act of Assembly vesting jurisdiction in the court of the
county where the petitioner resided, such tribunal had
no jurisdiction. In point of fact, the question of the
jurisdiction of the court of the residence of the peti-
tioner was not up for decision in the McQuiston Case;
the real question involved was whether, under the cir-
cumstances there present, the decree of adoption entered
by the court of the residence of the minor could be sus-
tained, or whether the latter tribunal lacked jurisdic-
tion in the premises. In ruling this question, we said
(p. 312): "The words of the act, making it lawful
for the applicant to apply by petition to the court of
the county in which he resides, are merely directory,
having regard to the method of procedure,......and
they do not necessarily deny to him the right to......
present his application in the court of the county in
which the child, the subject of adoption, resides." Thus
it may be seen, we did not hold that the court of the
county where the petitioner resided had no jurisdiction
of an adoption proceeding; the language employed in
the opinion, which the court below feared might mean a
ruling to that effect, is merely dicta.

Whatever jurisdiction the court below had, it derived
from the Act of 1925, which plainly states that "it shall

be lawful for" the petitioner to "present his or her petition to the orphans' court......of the county wherein he or she may be resident." There is nothing in section 26 of article V of the Constitution of Pennsylvania, or in any other part of the Constitution, or in any principle of law, which forbids the legislature to give the orphans' court jurisdiction over adoptions, nor to prevent its naming the orphans' court of the county wherein the petitioner resides as the tribunal in which to present such a petition. It is true that it is the general policy of the State to have the orphans' court of the county in which a minor resides act in matters affecting its interests (see the Act of June 7, 1917, P. L. 447, 529, section 59 (a) ), yet in a particular instance, such as proceedings for adoption, the Commonwealth, by act of the legislature, may so place the jurisdiction that, under some circumstances, it may be exercised by the court of a county other than that of the residence of the minor, as in a situation like that in this case.

The subject of adoption has always been in the hands of the legislature. There was no such thing as adoption in the English common law (Ballard v. Ward, 89 Pa. 358, 362; 1 C. J. 1371; Brown's Adoption, 25 Pa. Superior Ct. 259, 262; Evans's Est., 47 Pa. Superior Ct. 196, 198), and, prior to 1855, we had no general statute in Pennsylvania providing for such procedure: Ballard v. Ward, supra; Carroll's Est., 219 Pa. 440, 444; Brown's Adoption, supra; Evans's Est., supra. Up to 1855, adoptions were legalized in particular cases by special acts of assembly: see, for example, Act of March 15, 1847, P. L. 388, enacting "That [X] and [Y] his wife, be authorized to change the name of [A.B.]......and by that name [A.B.] shall have and enjoy all the rights, benefits and advantages of a child born in lawful wedlock of the......said [X] and [Y]"; see also the Act of May 8, 1854, P. L. 685. While the Act of 1855 provided for adoptions in general (McQuiston's App., 238 Pa. 304, 310), it did not name the courts of common

pleas to exercise that jurisdiction; it simply said that it should be lawful to present petitions for adoption to "such court" in the county where the person desiring to make the adoption "may be resident," and no mention of the common pleas, to which the words "such court" can properly be referred in connection with the subject of adoptions, appears in the statute, either before or after that phrase. We, however, construed "such court" to mean the courts of common pleas (Ballard v. Ward, 89 Pa. 358, 362), probably because those tribunals were at that time the only courts throughout the State of recognized general, as distinguished from special, jurisdiction. The legislature, also, in other and subsequent acts on the subject of adoption (all now repealed by the Act of 1925) definitely recognized the courts of common pleas as vested with this jurisdiction (see, for example, Act of June 11, 1879, P. L. 142, section 10; Act of July 2, 1901, P. L. 606; Act of May 9, 1889, P. L. 168, amended by Act of June 1, 1911, P. L. 539); but the jurisdiction in question did not innately belong to the common pleas, and there was, and is, nothing in the law to compel the legislature to place it there. On the contrary, the right to decree adoptions might with equal propriety have been conferred in 1855 on the orphans' court, instead of on the common pleas. As a matter of fact, in some states such jurisdiction is vested in "probate courts": see 1 C. J. 1383. Massachusetts, for instance, is said (Ross v. Ross, 129 Mass. 243, 262; 1 C. J. 1372) to be the first American state to pass an adoption statute, and there the Act of 1851, chapter 324, enacted that "Any inhabitant of this commonwealth may petition the judge of probate, in the county wherein he or she may reside, for leave to adopt a child not his or her own by birth." Our legislature, by the Act of 1925, has recently seen fit to confer the jurisdiction in question on the orphans' court, and we find nothing in this statute to render it unconstitutional.

In the case at bar, there existed all the elements of jurisdiction required by the Act of 1925. Under section 1, the petitioner is to submit his petition to the orphans' court of the county where he resides. Jacob and May Heasley were residents of the County of Allegheny, and their petition was presented to the orphans' court of that county. It is nowhere stated in the Act of 1925 that the minor must be a resident of the county where the petition is filed. The only reference made to the person adopted is that, if over twelve years of age, he or she must give his or her consent (section 2 (a) ), and that his or her presence is necessary at the hearing (section 3); both of these requirements were met in the court below. The consent of the child was not necessary, he being under twelve years of age, but the infant and its mother were in court at the time of the hearing, and both parents of the child,—who, as his natural guardians, represented him for all purposes of this proceeding,—formally gave their consent to his adoption.

Under the present statute, the orphans' court of the county where the petitioner resides should feel no hesitation concerning its jurisdiction over minors residing in another county. The judges of the orphans' courts, like those of the courts of common pleas, are officials "whose jurisdiction extends over the state" (Com. v. Dumbauld, 97 Pa. 293, 295; Com. v. Hyneman, 242 Pa. 244, 249), so the particular courts to which such judges may be elected are not necessarily restricted to persons and matters belonging exclusively to the county in which they are located. In the absence of a fundamental prohibition, there was nothing to prevent the legislature from conferring on the court below the powers which it was asked to exercise in this case. Since the tribunal in question had jurisdiction, both in law and in fact, it should have acted on the petition, instead of dismissing it.

The decree appealed from is reversed and the record is remitted to the court below with a procedendo.