## In re Talat

*C. Wilfred Conard,* for petitioner.

MACDADE, J., June 15, 1933.—On April 7, 1933, this petitioner, Osman Talat, presented a petition to this court, under the Act of April 18, 1923, P. L. 75, 54 PS §§ 1-3, praying for a decree changing his name to Oliver Albert Tait, and assigning as a reason for a change thereof that his present name is unusual and not like an American name; while the new name (Oliver Albert Tait) he desires to assume is not so unusual, more like an American name, and hence easier for persons to remember than the name of Osman Talat.

In his petition he also avers, inter alia: "(1) That he has been a resident of Delaware County, Pa., since August 27, 1931, and at present resides at 306 South Chester Road, Swarthmore, Delaware County, Pa."; (2) "that your petitioner is unmarried and has no children"; (3) "that residences of your petitioner during the past five years are as follows:

"April 1, 1928, to April 17, 1929, Istanbul, Turkey; April 17, 1929, to May 6, 1929, traveling to Canada; May 6, 1929, to August 5, 1929, Toronto, Canada; August 5, 1929, to September 1, 1929, traveling to Cyprus; September 1, 1929, to August 29, 1930, Limassol, Cyprus; August 29, 1930, to September 19, 1930, traveling to U. S. A.; September 19, 1930, to November 16, 1930, 5026 Buckingham Road, Detroit, Michigan; November 16, 1930, to February 2, 1931, 23,000 Maple Ave., Framington, Michigan; February 2, 1931, to May 21, 1931, 22,333 Grand River Ave., Detroit, Michigan; May 21, 1931, to August 27, 1931,

Wapello, Iowa; August 27, 1931, to October 8, 1932, Pendel Hill, Wallingford, Pa.; October 8, 1932, to date, 206 South Chester Ave., Swarthmore, Pa."

A hearing upon the said petition came on before the court in banc in accordance with the terms of the said Act of 1932; proofs of advertisement were filed as well as official judgment searches lodged among the records.

At the hearing, it was developed that this petitioner was not a citizen of the United States of America, but had applied for naturalization and first papers granted him. Therefore, the inquiry is whether this court has legal authority to change the name of a person who is not a "citizen" of this country and State (Pennsylvania), but is a "resident" in Delaware County in said State.

The act of assembly under which this procedure is taken is the Act of April 18, 1923, P. L. 75, 54 PS §§ 1-3. This statute provides that it shall be lawful for the courts of any county to make a decree changing the name of any person who is a resident in said county. In other words, "residence" in the county is the only jurisdictional necessity. There is no question but that the petitioner in this case is a resident in Delaware County. There seems to be no decisions defining the word "resident," as it occurs in this particular act; nor have we been able to find any on that particular point under the prior acts regarding change of name. It seems to be a generally accepted principle that "resident" ordinarily means a person who has his usual abode or place of living in the place in question. Unless there is something in the statute so providing, "resident" is not ordinarily synonymous with "citizen", and a person does not have to be a citizen in order to be a resident. The term "resident" occurs in other statutes, and means not only residents who are citizens but also residents who are aliens.

For example, we find that the Act of June 17, 1913, P. L. 507, 72 PS § 4821, and its amendments provide for a tax on certain classes of personal property of all persons resident within the Commonwealth. This is an act establishing the so-called "4 mills tax", and it is well known that a resident cannot escape liability for that tax on the ground that he is not a citizen.

In connection with the provisions for public schools, we find the Act of May 18, 1911, P. L. 309, sec. 1401, 24 PS § 1371, provides that every child, being a resident of any school district, may attend the public schools in his district; and section 1414 of the same act (24 PS § 1421) provides that every child having legal residence in this Commonwealth between certain ages is required to attend a day school. It is quite well known that in the case of this act, "resident" includes aliens as well as citizens.

In construing the old Act of May 19, 1887, P. L. 125, it was held that citizenship was not necessary to be a resident. That act referred to adoption and provided that any person desiring to adopt a child might present his petition to the court in the county in which he might be resident.

In Wolf's Appeal, 22 W. N. C. 93, 95, Judge Cummin said:

"It does not require that the petitioner shall be a citizen, a freeholder, or an inhabitant, nor does it require that he shall reside any certain length of time . . . I am of the opinion that the word resident . . . includes both a permanent and a temporary resident."

This decision was cited with approval in the case of Brown's Adoption, 25 Pa. Superior Ct. 259.

We might further state that, in general, resident aliens have practically all the same rights and privileges as citizens. The general rule is set forth in 2 C. J. 1046:

"While the rights of aliens depend entirely upon the municipal law of the

state or nation, or the rights which are given aliens by international law, in the United States, except as to certain political and municipal rights to which citizens only are entitled, resident alien friends have practically all and the same rights and privileges as citizens, and are entitled to the benefit of the provision of the federal constitution and no state shall deprive 'any person' of life, liberty, or property without due process of law, or deny to 'any person' the equal protection of the law. These rights and privileges include both personal rights—such as the right to dwell safely in the country, the general right to engage in any lawful labor, trade, or business within the state, and the right of protection to person, reputation, and other relative rights—and property rights. In return for the protection given aliens they owe a temporary and local allegiance to the country in which they reside, which continues during the period of their residence."

It would therefore seem, and it is our judgment, that the act in question requires only *residence* to give us jurisdiction. Inasmuch as there is nothing in the said act or in the general law to exclude a resident alien from its benefits, the petitioner is entitled to have his petition for change of name granted.

### Order

And now, June 15, 1933, the above matter coming on to be heard before the court in banc, proof of advertisement and searches for judgments and decrees having been presented, and it appearing that advertisement was made as directed, and the searches showing no judgments or decrees of record, after due consideration thereof, the court doth order and decree that the name of Osman Talat be and the same is hereby changed to Oliver Albert Tait.

From William R. Toal, Media, Pa.