## In Re: Adoption of Margaret Nolan.

Argued October 19, 1933.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Wm. M. Reese,* for appellant.

*Algernon R. Clapp,* and with him *Richard C. Bull* of *White, Schnader, Maris & Clapp,* for appellee.

OPINION BY STADTFELD, J., May 8, 1934:

This is an appeal from a refusal of the municipal court of Philadelphia to vacate a decree of adoption.

On February 26, 1931, John Fenderson Kyes, Jr., and Florence Margot Kyes, his wife, filed a petition in the municipal court of Philadelphia averring their temporary residence in Philadelphia, and praying a decree of adoption of Margaret Nolan, who had been in their custody since October 11, 1930.

Attached to the petition were two affidavits executed by appellant, one of which, dated October 10, 1930, averred that she resides at New York City, State of New York, that she is the mother of the minor child, Margaret Nolan, "whose adoption is prayed in the petition to which this affidavit is to be attached as her consent thereto," ...... "thereby ratifying and confirming the adoption of said child specifically waiving any and all notices or citations whatsoever." This affidavit was signed by her both in her right name, Mary Getsy, as well as a fictitious name, Mary Nolan. The other affidavit, dated December 10, 1930, executed in her assumed name, avers that she is "presently" residing at West Chester, Pennsylvania, and in which she gives a false name as that of the putative father. In this affidavit she specifically authorizes any attorney to deliver her written consent to the adoption of her child "to the adopting parents or petitioners." Likewise attached to the petition were two affidavits of persons acquainted with the petitioners certifying to their good moral character and financial ability to support the child, as well as their belief that the child's welfare would be promoted by the adoption prayed for. There was also attached a statement of the investigator, undated, to the effect that the petitioners were fully qualified to become the parents of the child and that the mother had found herself in-

capable of supporting the child and had consented to give her child for adoption to the petitioners.

This petition was filed on February 26, 1931, and on the same day the court, WALSH, J., entered a decree stating that the court being satisfied that the welfare of the child would be promoted by the adoption, so found and entered a decree of adoption.

On June 15, 1932, appellant filed a petition in the municipal court, averring that at the time of the adoption, appellant was a resident and citizen of New York, and appellees were residents and citizens of Massachusetts; that the address of appellees, set forth in the petition for adoption as Lecomey Plaza Apartments, 58th and Cobbs Creek Boulevard, Philadelphia, was a temporary one, assumed only for the purpose of this case. Appellant prayed that the decree of adoption be vacated and revoked and the possession of the child be awarded to her. To this petition appellees filed an answer admitting that they were not permanent residents or citizens of Pennsylvania, but averring that they were constructive and temporary residents of the county of Philadelphia and State of Pennsylvania.

Hearings were held on the petition to revoke on October 14 and October 19, 1932. The court on December 28, 1932 discharged the rule to vacate the decree of adoption and refused to revoke or set aside the original order or decree of adoption.

On December 29, 1932, the court by WALSH, J., filed appellees' requests for findings of fact and conclusion of law, in which the court found, inter alia, that appellees at the date of filing the petition of adoption were temporary and constructive residents of Philadelphia County, such constructive residence arising through the filing of their petition; that at the time of the birth of said child and for some time thereafter, the said Mary Getsy was and continued to be,

unable to support said child; that there was no evidence of any fraud, misrepresentation or coercion of said Getsy in connection with the signing of her affidavits attached to the petition for adoption, consenting to the adoption of said child; the court found from the hearings of October 14 and October 19, 1932, that said Mary Getsy on or about October 11, 1930, abandoned said child. The lower court found as a conclusion of law that it had jurisdiction to make the decree of adoption entered on February 26, 1931, under the provisions of the Act of May 11, 1923, P. L. 201, and that the adoption proceedings were in conformity with the provisions of said act, and of the Act of April 4, 1925, P. L. 127, so far as the provisions of the latter act apply to adoption proceedings in said court, and that no ground for vacating or revoking said decree had been shown and therefore dismissed the petition for the same. From that order this appeal was taken by Mary Getsy.

Appellant contends that the lower court was without jurisdiction in entering the decree of adoption, in that the petition was not filed by a *citizen of the Commonwealth of Pennsylvania, residing therein,* and that the proceedings did not conform with the requirements of the Act of April 4, 1925, supra.

This court, in a very comprehensive opinion by our former Brother GAWTHROP, reviewed the legislation in this state, relating to the law and procedure governing adoptions, in In re Adoption of Elizabeth McCann, 104 Pa. Superior Ct. 196. Quoting from that opinion: ...... (205) "Section 3 of the Act of 1925 provides, inter alia, that when the petition is presented a time for hearing shall be fixed not less than ten days from said presentation: that the adopting parent or parents and the person proposed to be adopted must appear in person and be examined under oath; and that the court or judge may make or cause

to be made an investigation by some person or agency specifically designated by said court or judge to verify the statements of the petition and such other facts as will give the court full knowledge of the desirability of the proposed adoption. From these and other requirements, it is manifest that by the act the legislature intended to and did make a radical change in the requirements of the petition in adoption proceedings, as well as in prescribing the duties of the court in respect to the fixing of a time for hearing on the petition, and in prescribing the duties of the court in respect thereto.''

As stated in Thompson's Adoption, 290 Pa. 586, the law of adoption in Pennsylvania is entirely statutory. And being purely statutory the statutes must be strictly followed to give the court jurisdiction—Carroll's Estate, 219 Pa. 440; Keeler's Adoption, 52 Pa. Superior Ct. 516.

The appeal in this case is in effect a certiorari and brings up nothing but the record. While in such case we cannot review the merits, yet—''we are entitled to inspect the whole record with regard to the regularity and propriety of the proceedings to ascertain whether the court below exceeded its jurisdiction or its proper legal discretion''—Helen Frances Young's Adoption, 259 Pa. 573, 577, citing Robb's Nomination Certificate, 188 Pa. 212; Independent Party Nomination, 208 Pa. 108; Franklin Film Mfg. Corp., 253 Pa. 422.

An examination of the record shows that the decree for adoption was made on the same day on which the petition for adoption was filed, thereby failing to comply with the provision of Section 3 of the Act of 1925, requiring time for hearing thereon shall be fixed not less than ten days from the time of presentation of the petition. The same section also provides that ''at said hearing the adopting parents or parent ......

*must* appear in person and be examined under oath by such court or judge unless deemed unnecessary." The record is silent as to this requirement which apparently is mandatory. Section 4 of the act provides, inter alia: "If satisfied that the statements made in the petition are true, and that the welfare of the person proposed to be adopted will be promoted by such adoption, *and that all the requirements of this act have been complied with,* the court or judge shall make a decree so finding *and reciting the facts at length etc."* The decree is lacking in not showing compliance with the requirements of the statute and in not reciting the same at length. (Italics supplied).

Appellees contend that the temporary or constructive residence of appellees in Philadelphia, through the filing of their petition for adoption, was sufficient to give the court jurisdiction. It was so held in Brown's Adoption, 25 Pa. Superior Ct. 259 prior to the Act of April 4, 1925, P. L. 127 and the amendment of April 26, 1929, P. L. 822. Both of these acts provide, "Section I. That it shall be lawful for any adult *citizen of this Commonwealth residing therein,* desirous of adopting any person, either a minor or an adult, as his or her heir, or as one of his or her heirs, to present his or her petition etc." (Italics supplied). As the case must go back for further proceedings we are not passing on the effect of this provision requiring the adopting parent to be a *citizen* of this Commonwealth, as it was not considered by the lower court in its disposition of the case.

The case must be remanded with directions to fix a time for hearing in accordance with the provisions of the Act, at which time the petitioners must be required to be present in person and to submit to an examination under oath; the court should inquire into the truth of the statements in the petition, and whether all of the requirements of the Act have been complied

with and the decree should recite the facts at length.

Attention is also called to the fact that the consent of the mother of the child to be adopted attached to the petition, does not in terms consent to the adoption of the child by the adopting parents named in the petition for adoption, and was signed and executed without any reference to the adopting parents, and apparently executed long before the date when the petition for adoption was executed.

The decree of the lower court is reversed and the record remitted with a procedendo.

## AMENDMENT TO ORDER

AND Now, to wit: July 13, 1934, the order in the opinion of this court filed in the above entitled case is amended to read as follows: The order of the lower court discharging the rule to vacate is reversed, the decree of adoption is vacated, and the record remitted for further proceedings not inconsistent with this opinion.

By the Court,

STADTFELD.

DISSENTING OPINION BY KELLER, J., May 8, 1934:

The Act of April 4, 1925, P. L. 127, was passed with the purpose of transferring jurisdiction in adoption proceedings from the common pleas to the orphans' court. It repealed all prior acts prescribing or regulating the procedure in adoption cases. Unfortunately the draftsmen of the act overlooked the fact that in 1923 the municipal court of Philadelphia County was given concurrent jurisdiction with the common pleas court in adoption proceedings. The repealing sections of the Act of 1925 left the municipal court with jurisdiction but no procedure acts regulating the practice to be pursued. "Judicial legislation" had to be resorted to. Three courses were open: (1) To construe the Act of 1925 as repealing the jurisdiction conferred

on the municipal court by the Act of 1923, as respects adoption proceedings; or (2) to extend the procedure prescribed in the Act of 1925 for proceedings in the orphans' court to the municipal court, although the latter was not mentioned therein and the evident purpose of the act was to give the orphans' court exclusive jurisdiction; or (3) to allow the municipal court to continue to use the same practice and procedure it had used before the Act of 1925 was passed. I thought, and still think, the first was nearest to what the legislature intended, but in McCann's Adoption, 104 Pa. Superior Ct. 196, this court decided that the jurisdiction of the municipal court was not affected. We have, then, a court having jurisdiction but no method of procedure except by implication. The municipal court evidently acted under the third course above stated and continued the practice and procedure legally used by it before the act giving jurisdiction to the orphans' court was passed.

This appeal seeks to set aside a decree of adoption entered by the municipal court because the procedure was not strictly in accordance with that prescribed for the orphans' court. Were it an appeal duly entered from a decree of adoption I would be inclined to reverse the decree, for I think the logical effect of the decision in McCann's Adoption is to extend the practice prescribed in the Act of 1925 to the municipal court; but this is an appeal by one whose actions entitle her to small consideration, from an order of the court below, after a full hearing and a detailed finding of facts, (Supplemental Record, pp. 1a-7a), refusing to set aside the decree made prior to the decision in McCann's Adoption, on the ground that the welfare of the child was best served by allowing the decree to stand, and that this appellant was not in a position to revoke the consent upon which the decree was founded.

Under the practice in force before the Act of 1925 this decree of adoption was regular and valid. I think the record will sustain the inference that the petition was presented to the court some time—perhaps ten days—before it was formally marked "filed," during which time the investigator of the municipal court made his inquiries which satisfied the court of the character and responsibility of the petitioners. The child has been in the custody of her adopting parents almost since her birth. The mother—this appellant—an unmarried woman, was willing, if not anxious to have the child adopted into a good home. The reversal of this decree would not, of itself, entitle the mother to regain the custody of the child; for on habeas corpus proceedings the court could still award the custody of the child to the appellees, as being for her welfare and interests: Darlington's Adoption, 69 Pa. Superior Ct. 281. Whatever the irregularities of procedure, made at a time when the law on the subject was problematical, the lower court has, in the present proceedings, given the matter the fullest consideration and has refused to disturb the decree. This should cure the defects in procedure leading up to that decree. This appellant, at any rate, should not be permitted to attack it: Young's Adoption, 259 Pa. 573.

I would affirm the order of the court below.

Judge BALDRIGE concurs in this dissent.