Montgomery Adoption Case.

Argued October 2, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ. (GUNTHER, J., absent).

*Joseph A. Hagerty,* with him *Michael J. O'Donnell,* for appellants.

*J. Herman Kahn,* for appellee.

OPINION BY ARNOLD, J., November 14, 1950:

This is an appeal from an order vacating a decree of adoption.

On October 28, 1946, the Municipal Court of Philadelphia made a decree of adoption by which George William Montgomery became the adopted child of William B. Montgomery and Mary R. Montgomery. The parents of said child were married and the mother was a sister of Mary R. Montgomery and the father of said child was the brother of William B. Montgomery, the

proposed adopting father. The petition for adoption contained consent of the parents. At the time of the adoption the child was some two years of age but had lived with the adopting parents for some time.

On May 4, 1950, the natural parents filed a petition to set aside the decree of adoption on the ground that the adoptive parents were not husband and wife and had never been legally married. The judge who signed the adoption decree heard the petition to vacate. Clearly under the testimony Mary R. Montgomery had never been divorced from her husband, John G. MacDowell, to whom she was married in 1925. When she made application for a license to marry William [B.] Montgomery, in answer to the question whether she was single, widowed or divorced, she stated she was single, and also stated that this was her first marriage. The natural parents averred that she represented she had been divorced and had married William B. Montgomery. In fact, George W. Montgomery, the natural parent of the child, was a witness of the marriage to his brother. When she applied for a marriage license she gave her name as Mary R. Neal, which was her name before she married MacDowell.

In the petition for the adoption she averred that she had never been divorced and had no children. Both of these statements were untrue and she palpably did not divulge the true status at the hearing.

The lower court correctly found that the relation of the adopting parents is that of a bigamous marriage, and that a fraud had been committed upon the court which had entered a decree in reliance upon the truthfulness of testimony which was patently false.

The scope of our review in this class of cases is to determine whether there was evidence sufficient to support the findings of the court below: *Susko Adoption Case*, 363 Pa. 78, 69 A. 2d 132. See also *In re: Adoption*

*of Margaret Nolan,* 113 Pa. Superior Ct. 198, 172 A. 477; *Weinbach's Appeal,* 316 Pa. 333, 175 A. 500; *Davies Adoption Case,* 353 Pa. 579, 46 A. 2d 252. It may be noted that the adoption statute[1] requires the petitioners for adoption to set forth the marital status of the adopting parents.

The court below, at the conclusion of the testimony correctly stated: "I want to make it very plain, that I am not acting in this matter on the question of custody." That matter must hereafter be determined as the welfare of the child may require.

The order of the court below is affirmed.

---

[1] Act of 1925, P.L. 127, as amended, 1 PS §1 et seq.